Aaron K. McClellan - 197185
amcclellan@mpbf.com
Steven W. Yuen - 230768
syuen@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA 94108-5530
Tel: (415) 788-1900
Fax: (415) 393-8087

Attorneys for Plaintiff
LIUXIA WONG

FILED
2012 JAN 30 P 2:23
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NO. DIST. OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

HRL

| | |
|---|---|
| LIUXIA WONG,<br><br>Plaintiff,<br><br>v.<br><br>HARD DRIVE PRODUCTIONS, INC., AND DOES 1-50,<br><br>Defendants. | Case No.: CV 12 0469<br><br>**PLAINTIFF'S COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. This is a civil action seeking declaratory relief based upon the continuing improper conduct of defendants Hard Drive Productions, Inc. (hereafter "Hard Drive") and Does 1-50 in harassing plaintiff and others like her to settle claims of purported infringement of Hard Drive's purported copyrighted works.

## II. PARTIES

2. Plaintiff Liuxia Wong is an individual over the age of 18 residing in the County of Solano, California.

3. Plaintiff is informed and believes, and thereon alleges that Hard Drive is an Arizona Corporation whose principal place of residence is in Maricopa County, and which does business worldwide including in the State of California, Counties of San Francisco and Solano.

4. The true names and capacities of defendants named as Does 1 through 50 are presently unknown to plaintiff.

5. Plaintiff will amend this complaint setting forth the true names and capacities of these fictitious defendants when they are ascertained.

6. Plaintiff is informed and believes, and thereon alleges that each of the fictitious defendants have participated in the acts alleged in this complaint to have been done by the named defendant.

7. Plaintiff is informed and believes, and thereon alleges that, at all relevant times, each defendant, whether named or fictitious, was the agent and/or employee of each of the other defendant, and in doing the things alleged to have been done in the complaint, acted within the scope of such agency and/or employment, and/or ratified the acts of the other.

## III. JURISDICTION

8. This action arises under the copyright laws of the United States, 17 U.S.C. sections 101 et seq.

9. The Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. sections 1331 and 1338, and the Declaratory Judgment Act codified at 28 U.S.C. sections 2201 and 2202.

10. This court has personal jurisdiction over Hard Drive because it has submitted itself to the jurisdiction of this court by filing an action on November 28, 2011, case number 4:11-cv-05630-RS, and which is related to this action.

11. Due to Hard Drive's filing of action number 4:11-cv-05630-RS and its conduct, it has created an actual and continuing controversy within the court's jurisdiction such that the court needs to declare the rights and other legal relations of plaintiff who is seeking such declarations from the court.

## IV. VENUE

12. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. section 1400(a) as Hard Drive has claimed that plaintiff infringed its purported copyrighted work by downloading such works where she resides.

///

///

13. Venue is also proper in the Northern District of California as Hard Drive has consented to the venue of this court by filing action number 4:11-cv-05630-RS in this district and by its conduct which has created an actual and continuing controversy such that the court needs to declare the rights and other legal relations of plaintiff who is seeking such declarations from the court, and which is related to this action.

## V. INTRADISTRICT ASSIGNMENT

14. Assignment of this action to the San Francisco Division is proper as Hard Drive's present action number of 4:11-cv-05630-RS is assigned to the Honorable Richard Seeborg in the San Francisco Division.

15. Assignment of this action to the San Francisco Division is also proper as Hard Drive's prior filed action number of 3:11-cv-01957-JCS was assigned to the Honorable Joseph C. Spero in the San Francisco Division.

16. This action and action number 4:11-cv-05630-RS should be assigned to the Honorable Joseph C. Spero in the San Francisco Division per Civil L.R. 3-3(c) and 3-12.

## VI. FACTUAL ALLEGATIONS

### A. Hard Drive's Prior Lawsuit

17. On April 22, 2011, Hard Drive filed a complaint for copyright infringement which was assigned case number 3:11-cv-01957-JCS (hereafter "prior action").

18. Based on Hard Drive's consent to proceed before a U.S. Magistrate Judge, the prior action was assigned to the Honorable Joseph C. Spero.

19. In this prior action, Hard Drive failed to comply with the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California (hereafter "Civil L.R.") 3-16(b)(1) by failing to disclose "any persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties themselves known by the party to have either: (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding."

///

20. Instead on April 22, 2011, Hard Drive violated Civil L.R. 3.16(b) by purposefully limiting and qualifying its disclosure to only state that Hard Drive does not have a parent corporation that owns 10% or more of its stock, and that there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities that may have a personal or affiliated financial interest in the subject matter or controversy.

21. Plaintiff is informed and believes, and thereon alleges that Hard Drive reported in its 2011 annual report received on or about January 28, 2011 by the Arizona Secretary of State that Paul Pilcher owns more than 20% of any class of shares issued by Hard Drive, or having more than a 20% beneficial interest in Hard Drive, information which is equally available electronically from the Arizona Secretary of State at http://starpas.azcc.gov/scripts/cgiip.exe/WService=wsbroker1/names-detail.p?name-id=11235797&type=CORPORATION.

22. In this prior action, Hard Drive sued 48 anonymous doe defendants by improperly joining them in one action without taking into account the requirements of 28 U.S.C. section 1400(a) which provides that a defendant in a copyright infringement action may only be sued in the district where the defendant or his or her agent resides or may be found.

23. Hard Drive alleged copyright infringement associated with Plaintiff's Internet Protocol Address occurred on March 28, 2011 which is more than three months after the work was first published on March 3, 2010, and which is before the work's registration date of April 22, 2011.

24. In this prior action, Hard Drive alleged that it owned the purported copyright to an adult video entitled "Amateur Allure Jen" (hereafter "work") which is purportedly registered with the United States Copyright Office.

25. Plaintiff is informed and believes and thereon alleges that Hard Drive represented to the U.S. Copyright Office that the work was first published on March 3, 2010.

26. Plaintiff is informed and believes and thereon alleges that the work was registered on April 22, 2011.

27. In this prior action, Hard Drive alleged that it was entitled to recover statutory damages and attorneys' fees per 17 U.S.C. section 504(c) as stated in its complaint at paragraph 31, and in its prayer for relief at paragraph 4.

28. A party is not entitled to recover statutory damages and attorneys' fees under 17 U.S.C. section 504(c) if the alleged infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work per 17 U.S.C. section 412.

29. After filing its prior lawsuit, Hard Drive then applied ex parte for expedited discovery seeking the names, addresses, and telephone numbers of the account holders whose Internet Protocol "IP" addresses resolved to them.

30. Contrary to Hard Drive's allegation that venue under 28 U.S.C. section 1391(b) governs copyright infringement actions, it does not; only section 1400(a) governs venue in copyright infringement actions per the Supreme Court's holding in Schnell v. Peter Eckrich & Sons, Inc. (1961) 365 U.S. 260, 262-263.

31. The Schnell court's analysis of venue in section 1400(b) for patent infringement actions should likewise be applied for venue in copyright infringement actions under section 1400(a).

32. Plaintiff did not move to quash Hard Drive's subpoena issued to her internet service provider.

33. Plaintiff's internet service provider released her name, address, and telephone number to Hard Drive.

34. After receipt of plaintiff's name, address, and telephone number, Hard Drive transmitted a letter demanding that she settle the prior action for $3,400. A true and correct copy of this letter is attached hereto as Exhibit A.

35. In Hard Drive's settlement demand letter, it notified plaintiff that it was prepared to commence a lawsuit against her if its settlement efforts failed.

36. In Hard Drive's settlement demand letter, it notified plaintiff to act promptly by settling to avoid being named as a defendant in the lawsuit.

37. In Hard Drive's settlement demand letter, it notified plaintiff that she was liable for copyright infringement by merely having an unsecured wireless network/router even though plaintiff did not download the work.

///

38. In Hard Drive's settlement demand letter, it notified plaintiff that she may be liable for statutory damages of up to $150,000.

39. After receipt of plaintiff's name, address, and telephone number, Hard Drive transmitted a letter demanding that she settle the prior action for $3,400. A true and correct copy of this letter is attached hereto as Exhibit A.

40. Plaintiff is informed and believes, and thereon alleges that Hard Drive's prior action complaint coupled with the settlement demand letter was designed to intimidate plaintiff into paying the settlement demand of $3,400 especially when contrasted with a potential statutory damages award of $150,000.

41. Plaintiff is informed and believes, and thereon alleges that no facts existed for Hard Drive to represent, either in its prior act complaint or in its settlement demand letter, to plaintiff that Hard Drive was entitled to recover any statutory damages award given that the alleged infringement occurred on March 28, 2011 which is more than three months after the work was first published on March 3, 2010, and which is before the work's registration date of April 22, 2011.

42. Plaintiff is informed and believes, and thereon alleges that Hard Drive's communications transmitted to plaintiff were designed to coerce her into settling the case despite the absence of any facts supporting liability against her.

43. Plaintiff is informed and believes, and thereon alleges that Hard Drive, its agents and/or its employees also contacted her telephonically in order to extract a settlement from her.

44. Hard Drive subsequently obtained a continuance of the case management conference.

45. On or before September 27, 2011, plaintiff notified Hard Drive that she denied all liability alleged in the prior action's complaint.

46. In response to plaintiff's notification described in paragraph 45, Hard Drive notified plaintiff that they would name and serve her with a lawsuit.

47. On September 27, 2011, Hard Drive subsequently dismissed its prior action without prejudice.

///

///

48. Plaintiff is informed and believes that Hard Drive dismissed its prior action as it could not, and did not want to address the issues that the court had with the prior action, and also did not want to be sanctioned for failing to prosecute the case, and for misjoining all anonymous doe defendants.

49. On or about October 10, 2011, plaintiff notified Hard Drive that she denied all liability alleged in the prior action's complaint.

50. On or about October 10, 2011, plaintiff notified Hard Drive that if it dismissed plaintiff with prejudice, she would agree that each party would bear their own costs and attorneys' fees. Hard Drive did not accept this offer.

**B. Hard Drive's Present Lawsuit**

51. On November 21, 2011, Hard Drive filed a complaint for copyright infringement against a single John Doe defendant which was initially assigned case number 4:11-cv-05630-YGR (hereafter "present action"), and which was subsequently reassigned to the Honorable Richard Seeborg on November 30, 2011.

52. Despite the fact that Hard Drive knew that the present action was related the dismissed prior action, Hard Drive failed to comply with Civil L.R. 3-3(c) which requires the refiling party to file a motion to consider whether cases should be related pursuant to Civil L.R. 3-12 so that the judge originally assigned to the action which had been dismissed should have the refiled case transferred to him or to her to avoid the unduly burdensome duplication of labor and expense.

53. Plaintiff is informed and believes, and thereon alleges that Hard Drive purposefully failed to comply with Civil L.R. 3-3(c), because the previously assigned judge, the Honorable Joseph C. Spero, had made certain rulings adverse to Hard Drive and to Hard Drive's counsel in other improperly joined copyright infringement cases.

54. Hard Drive further misrepresented to the court that plaintiff resided in this district although at all relevant times, it knew that plaintiff resided in the City of Fairfield, County of Solano which falls under the venue of the Eastern District of California. See attached Exhibit A.

///

///

55. In the present action, Hard Drive alleged that it was entitled to recover statutory damages and attorneys' fees per 17 U.S.C. section 504(c) as stated in its complaint at paragraph 31, and in its prayer for relief at paragraph 2.

56. Again, Hard Drive was not entitled to recover statutory damages and attorneys' fees, because Hard Drive claimed that the alleged infringement occurred on March 28, 2011 which is more than three months after the work was first published on March 3, 2010, and which is before the work's registration date of April 22, 2011.

57. Plaintiff is informed and believes, and thereon alleges that Hard Drive's present action complaint coupled with the settlement demand letter was designed to intimidate plaintiff into paying the settlement demand of $3,400 especially when contrasted with a potential statutory damages award of $150,000.

58. On January 9, 2012, Hard Drive applied ex parte to take the deposition of plaintiff who was not named as a defendant in Hard Drive's present action.

59. Plaintiff is informed and believes, and thereon alleges that despite Hard Drive's erroneous position that plaintiff is vicariously liable for any acts or conduct occurring through her internet account, it purposely avoided naming plaintiff for the purposes of obtaining ex parte discovery in the present action on an expedited basis, and to cause plaintiff to incur attorneys' fees in defending herself at deposition to force her to settle.

60. Hard Drive's tactics were improper as plaintiff had offered it at all relevant times that she was prepared to execute a declaration under penalty of perjury that: (1) she did not download the movie, and (2) she did not tell anyone else to download the movie for her, and (3) she did not know anyone else was using her computer or network equipment to download the movie.

61. Hard Drive rejected plaintiff's offered declaration as stated in paragraph 60.

62. Hard Drive then improperly demanded $3,000 from plaintiff in exchange for not proceeding with her deposition despite plaintiff's offer of a declaration as stated in paragraph 60.

63. Plaintiff then offered to execute a declaration under penalty of perjury that: (1) she does not know who downloaded the movie, and (2) that her internet service provider set up her wi-fi equipment.

64. Hard Drive again rejected plaintiff's offered declaration, as stated in paragraph 63.

65. At all relevant times, Hard Drive notified plaintiff that it would proceed with her deposition unless she offered $3,000 in settlement.

66. Plaintiff is informed and believes, and thereon alleges that Hard Drive knew that plaintiff would incur substantial costs and attorneys' fees if her deposition were to proceed, and used this information to coerce a settlement from plaintiff.

67. Plaintiff is informed and believes, and thereon alleges that the acts and conduct of Hard Drive and its agents or employees as described herein was unlawful and/or improper.

**C. Hard Drive's Work is Not Copyrightable**

68. Article I, Section 8, Clause 8 of the United States Constitution, known as the Copyright Clause, empowers the United States Congress: "To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries."

69. Thus, copyright is authorized only for works which promote the progress of science and the useful arts.

70. Horizontal Stare Decisis or Circuit law binds all courts within a particular circuit, including the court of appeals itself. (Hart v. Massanari (9th Cir. 2001) 266 F.3d 1155, 1171—"[T]he first panel to consider an issue sets the law not only for all the inferior courts in the circuit, but also future panels of the court of appeals.... Once a panel resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court" or "unless Congress changes the law.")

71. Early Circuit law in California held that obscene works did not promote the progress of science and the useful arts, and thus cannot be protected by copyright.

72. Subsequent non-en banc decisions by the Ninth Circuit failed to follow this prior circuit decision in California.

///

///

///

73. Given the absence of any subsequent en-banc Ninth Circuit decisions, Supreme Court precedent, or changes in the Constitution that copyright is authorized for works which does not promote the progress of science and the useful arts, the subsequent Ninth Circuit decisions are void and do not constitute binding precedent.

74. Hard Drive's work does not promote the progress of science.

75. Hard Drive's work does not promote the useful arts.

76. Hard Drive's work depicts obscene material.

77. Hard Drive's work depicts criminal acts and/or conduct.

78. Hard Drive's work is not copyrightable.

## VII. FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF AND/OR JUDGMENT THAT PLAINTIFF IS NOT LIABLE TO HARD DRIVE FOR COPYRIGHT INFRINGMENT AGAINST ALL DEFENDANTS

79. Plaintiff realleges and incorporates by reference as though fully stated here, paragraphs 1 to 78.

80. Although Hard Drive in its present action denies that it does not know if plaintiff is liable to it for copyright infringement, in nonpublic communications, Hard Drive's position is completely the opposite—that plaintiff is liable to Hard Drive.

81. On July 13, 2011, Hard Drive, through its counsel transmitted a letter to plaintiff which is attached hereto as Exhibit A.

82. In its letter, Hard Drive demanded $3,400 from plaintiff to avoid being named as a defendant in Hard Drive's prior lawsuit for copyright infringement. (Exhibit A at p.3.)

83. Plaintiff is informed and believes, and thereon alleges that along with the settlement demand letters Hard Drive has transmitted, it also included a "memorandum of law" authored by its then counsel John Steele of Steele | Hansmeier, PLLC whose firm name has since changed to Prenda Law Inc. A true and correct copy of the "memorandum of law" is attached hereto as Exhibit B and a true and correct copy of the metadata for the "memorandum of law" is attached hereto as Exhibit C.

84. In Hard Drive's counsel's "memorandum of law," it is their ultimate position that the account holder is liable for copyright infringement committed by any person who uses the account holder's internet access.

85. On January 18, 2012, Hard Drive improperly demanded a settlement of $3,000 in exchange for dismissing the present case against the John Doe defendant to avoid plaintiff having her deposition taken. A true and correct copy of this settlement demand is attached hereto as Exhibit D.

86. Hard Drive's present action, in which it allegedly denies that it does not know who infringed its work is false and mere pretext given its actions and conduct as alleged herein.

87. Plaintiff is informed and believes, and thereon alleges that Hard Drive is purposefully avoiding naming plaintiff so that it can improperly conduct expedited ex parte discovery upon plaintiff.

88. Plaintiff is informed and believes, and thereon alleges that Hard Drive is purposefully conducting expedited ex parte discovery upon plaintiff in order to coerce plaintiff into settling with Hard Drive.

89. As alleged in Hard Drive's present action, and based upon its actions and conduct as described herein, plaintiff denies that she is liable to Hard Drive for copyright infringement.

90. Based on all the information stated herein, an actual and continuing controversy exists between plaintiff and Hard Drive such that plaintiff needs the court to declare the rights between the parties.

91. Wherefore, plaintiff prays for the following relief.

## VIII. PRAYER FOR RELIEF

Plaintiff seeks relief as follows:

92. That the court issue an order declaring that plaintiff is not liable to Hard Drive for copyright infringement, and/or has not infringed Hard Drive's copyrights, if any;

93. That the court issue an order declaring that Hard Drive's work is not copyrightable as the work does not promote the progress of science and the useful arts as required by the U.S. Constitution, including but not limited to the fact that the work is obscene and depicts unlawful activity, and that Hard Drive, its owners, agents, and/or employees have engaged in unlawful activity or conduct such as solicitation, conspiracy to commit prostitution, pimping, and/or pandering;

///

///

///

94. That the court issue an order declaring that Hard Drive has not mitigated damages, including but not limited to being based upon the doctrines of estoppel and laches, and due to its failure to issue Digital Millennium Copyright Act (D.M.C.A.) take down notices to the Bittorrent trackers;

95. That the court issue an order declaring that Hard Drive is not entitled to recover statutory damages and attorneys' fees;

96. That the court issue an order declaring that no infringement has occurred given that that Hard Drive had authorized its work to be distributed by its non-California licensed private investigators, who are in violation of California Business and Professions Code sections 7520 and 7521, while they were distributing and participating in the distribution of the work;

97. That the court issue an order declaring that Hard Drive, its agents, and/or employees have unlawfully and improperly demanded settlements not supported by facts and law which constitute copyright misuse;

98. That plaintiff be awarded her costs and attorneys' fees as provided by law, including but not limited to U.S.C. section 505;

99. That the court enter judgment in favor of plaintiff, and against Hard Drive and any other named defendants; and

100. For such other and further relief as the court deems just and proper.

## IX. DEMAND FOR JURY TRIAL

101. Plaintiff demands a jury trial for all issues triable by jury.

DATED: January 26, 2012

MURPHY, PEARSON, BRADLEY & FEENEY

By ______________________
Steven W. Yuen
Attorneys for Plaintiff
LIUXIA WONG

SWY.20352115.doc