1  Aaron K. McClellan - 197185
   amcclellan@mpbf.com
2  Steven W. Yuen - 230768
   syuen@mpbf.com
3  MURPHY, PEARSON, BRADLEY & FEENEY
   88 Kearny Street, 10th Floor
4  San Francisco, CA  94108-5530
   Tel:    (415) 788-1900
5  Fax:    (415) 393-8087

6  Attorneys for Plaintiff
   LIUXIA WONG
7  In case no. C 12-00469 YGR

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                   OAKLAND DIVISION

11 HARD DRIVE PRODUCTIONS, INC.,          | Case No.:  C 11-05630 YGR
                                          | (Related to case no. C 12-00469 YGR)
12         Plaintiff,
                                          | **PLAINTIFF LIUXIA WONG'S OPPOSITION**
13 v.                                     | **TO DEFENDANT HARD DRIVE**
                                          | **PRODUCTIONS, INC.'S RENEWED**
14 JOHN DOE,                              | **MOTION TO DISMISS**

15         Defendant.                     | Date:         April 17, 2012
                                          | Time:         2:00 p.m.
16 _____        | Judge:        Hon. Yvonne Gonzalez Rogers
                                          | Courtroom:    1, 4th Floor
17 AND ALL RELATED CASES.                 | File Date:    November 21, 2011
                                          | Trial Date:   None
18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF LIUXIA WONG'S OPPOSITION TO DEFENDANT HARD DRIVE PRODUCTIONS, INC.'S RENEWED
MOTION TO DISMISS
C 11-05630 YGR; C 12-00469 YGR

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................. 1

II.  MEMORANDUM OF POINTS AND AUTHORITIES ...................................... 2

    A.  STATEMENT OF FACTS ................................................................... 2

    B.  LEGAL ARGUMENT .......................................................................... 3

        1.  Venue is Proper in the Northern District of California ....................................... 3

            a.  Hard Drive Failed to Controvert Mrs. Wong's Complaint Allegations and Exhibits Showing that Venue is Proper in this District.................... 4

            b.  Venue is Proper in the Northern District of California Due to Hard Drive's Waiver by Filing its Suits in this District................................... 5

            c.  Hard Drive Judicially Admitted Facts that Venue is Proper in the Northern District of California and has Waived All Objections to Venue ....................................................................................... 6

            d.  Hard Drive is Judicially Estopped from Arguing that Venue is Improper in the Northern District of California..................................... 7

        2.  The Court Should Grant Mrs. Wong Leave to Intervene into Hard Drive's Present Action if it is Inclined to Grant the Motion to Dismiss......................... 8

        3.  An Actual Case and Controversy Exists Between Mrs. Wong and Hard Drive......................................................................................... 8

            a.  The Declaratory Judgment Act .............................................................. 8

            b.  An Actual Case and Controversy Exists between Mrs. Wong and Hard Drive Due to Hard Drive's Threat of a Lawsuit, its Position that Mrs. Wong is Liable to it, and its January 18, 2012 Settlement Demand for $3,000 ............................................................................. 10

            c.  An Actual Case and Controversy Still Exists Between Mrs. Wong and Hard Drive Even if it Promised Not to Sue Her ......... 11

            d.  Hard Drive's First-Filed Action Argument is Meritless ...................... 12

                (1)  Hard Drive is Judicially Estopped from Arguing that Mrs. Wong's Action is Duplicative of its Prior Filed Action Due to its Judicial Admissions that the Cases are Not Related.......................................................................... 12

                (2)  Hard Drive Failed to Submit Binding Authority in Support of its First-Filed Action Argument............................................ 13

**TABLE OF CONTENTS**

**(Continued)**

**Page**

III.    OBJECTIONS.................................................................................................................. 14

IV.    CONCLUSION............................................................................................................... 14

# TABLE OF AUTHORITIES

**Page**

## Cases

Aetna Life Ins. Co. of Hartford, Conn. v. Haworth
    (1937) 300 U.S. 227 ........................................................................................................ 9

American Title Ins. Co. v. Lacelaw Corp.
    (9th Cir. 1988) 861 F.2d 224 .......................................................................................... 6

Ashcroft v. Iqbal
    (2009) 556 U.S. 662, 129 S.Ct. 1937 ............................................................................. 8

Brayton Purcell LLP v. Recordon & Recordon
    (9th Cir. 2009) 575 F.3d 981 .......................................................................................... 4

Brayton Purcell LLP v. Recordon & Recordon
    (9th Cir. 2010) 606 F.3d 1124 ................................................................................. 3-5, 11

Calder v. Jones
    (1984) 465 U.S. 783 ........................................................................................................ 4

Camreta v. Greene
    (2011) 131 S.Ct. 2020 ................................................................................................... 13

Christian Legal Soc'y Chapter of the Univ. of Calif., Hastings Coll. of the Law,
aka Hastings Christian Fellowship v. Martinez
    (2010) 130 S.Ct. 2971 .................................................................................................... 6

Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.
    (9th Cir. 1989) 896 F.2d 1542 ................................................................................. 4, 8, 9

Hart v. Massanari (2001)
    266 F.3d 1155 ............................................................................................................... 13

International Harvester Co. v. Deere & Co.
    (7th Cir.1980) 623 F.2d 1207 ......................................................................................... 9

Martin v. Graybar Elec. Co.
    (7th Cir. 1959) 266 F.2d 202 ........................................................................................ 13

Massa v. Jiffy Products Co.
    (9th Cir. 1957) 240 F.2d 702 .......................................................................................... 9

Neirbo Co. v. Bethlehem Shipbuilding Corp.
    (1939) 308 U.S. 165 ........................................................................................................ 6

Northwest Airlines, Inc. v. American Airlines, Inc.
    (8th Cir. 1993) 989 F.2d 1002 ...................................................................................... 13

Olberding v. Illinois Cent. R. Co.
    (1953) 346 U.S. 338 ........................................................................................................ 5

# TABLE OF AUTHORITIES

**Page**

### Cases (Continued)

Public Serv. Comm'n of Utah v. Wycoff Co., Inc.
(1952) 344 U.S. 237 .......................................................................... 3, 9

Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.
(N.D. Ill. 1983) 572 F.Supp. 1210 ................................................... 13

Rissetto v. Plumbers & Steamfitters Local 343
(9th Cir. 1996) 94 F.3d 597.............................................................. 7, 12

SanDisk Corp. v. STMicroelectronics, Inc.
(Fed. Cir. 2007) 480 F.3d 1372 ...................................................... 11, 12

Schnell v. Peter Eckrich & Sons, Inc.
(1961) 365 U.S. 260 ......................................................................... 3

Serlin v. Arthur Andersen & Co.
(7th Cir. 1993) 3 F.3d 221................................................................ 13

Skelly Oil Co. v. Phillips Petroleum Co.
(1950) 339 U.S. 667 ......................................................................... 9

Smith-Corona Marchant Inc. v. American Photocopy Equipment Co.
(S.D.N.Y. 1962) 214 F.Supp. 348..................................................... 10

Societe de Conditionnement en Aluminium v. Hunter Engineering Co., Inc.
(9th Cir. 1981) 655 F.2d 938............................................................. 9

State of Ariz. v. Shamrock Foods Co.
(9th Cir.1984) 729 F.2d 1208............................................................ 7

Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.
(1982) 454 U.S. 464 ......................................................................... 9

### Statutes

28 United States Code
§ 1400(a) ........................................................................................... 3
§ 1400(b) ........................................................................................... 3

Federal Rules of Civil Procedure
12 ...................................................................................................... 1
12(b)(3) ............................................................................................. 1
12(b)(6) ............................................................................................. 4
24(b)(1) ............................................................................................. 8

# TABLE OF AUTHORITIES

**Page**

## Local Rules

Civil Local Rule
  7-2(a)................................................................................................... 14
  7-2(b)................................................................................................... 14
  7-2(c)................................................................................................... 14
  7-2(d)................................................................................................... 14

## I.     INTRODUCTION

Defendant Hard Drive Productions, Inc. (hereafter "Hard Drive") brings its meritless Federal Rule of Civil Procedure 12 motion to dismiss based upon:  (1) improper venue[1] despite Hard Drive's judicial admission reciting facts that venue is proper in this district; (2) its argument that no case or controversy exists despite Hard Drive's threats of a lawsuit, prior notice of litigation towards plaintiff Liuxia Wong, and its January 18, 2012 settlement demand of $3,000 to her and her agent within this district; and (3) its concession that this action involve the same facts and legal issues in Hard Drive's action number C 11-05630 YGR despite the fact that Mrs. Wong is not named in that action.

Mrs. Wong respectfully requests the court to dismiss Hard Drive's motion to dismiss in its entirety as Hard Drive failed to meet its burden by failing to controvert the allegations in her first amended complaint which show a that justiciable controversy exists.  Specifically, Hard Drive failed to controvert that through its agent, who can be found within this district, that it:  (1) threatened a lawsuit against Mrs. Wong; (2) gave notice to her that its position was that she was liable for copyright infringement; (3) notified her to preserve all evidence else face spoliation sanctions; and (4) demanded a $3,000 settlement from her on January 18, 2012 in lieu of deposing her.  All of these facts show that a justiciable controversy exists between Hard Drive and Mrs. Wong relating to her non-infringement of Hard Drive's purported copyrighted work.

## II.     MEMORANDUM OF POINTS AND AUTHORITIES

### A.     STATEMENT OF FACTS

Hard Drive first voluntarily brought an action against 48 Doe defendants in action number C 11-01957 JCS in this district (hereafter "prior action").  (Exhibit B at 1:11-14 to the Declaration of Steven W. Yuen (hereafter "Yuen Decl.")  In this prior action, Hard Drive claimed that the purported copyright to its adult video entitled Amateur Allure – Jen was being infringed.  (Exhibit B at 4:11-14 (¶ 7) & 7:22-8:20 (¶¶ 25-31).)  Hard Drive judicially admitted the fact that all Doe defendants resided in this district, may be found in this district, and/or committed acts in this district giving rise to its claims.  (Id., at 2:23-24 (¶ 4).)  Hard Drive judicially admitted facts giving rise to support its claims to

---

[1] Mrs. Wong presumes that Hard Drive is bringing its motion pursuant to Rule 12(b)(3) for improper venue since its moving papers failed to cite the specific subdivision.

1    join all 48 Doe defendants in this district.  (Exhibit B at 2:26-3:15 (¶ 5).)  Hard Drive further notified

2    the court that at issue in the case was whether it was the exclusive licensee of the adult pornographic

3    work allegedly being infringed.  (Id., at 3:15-17 (¶ 5).)

4         After filing its prior action, Hard Drive then applied ex parte for expedited discovery prior to

5    the initial conference to discover the Doe defendants' actual names that corresponded to each Internet

6    Protocol (hereafter "IP") address.  (Exhibit C at 1:1-7 & 2:12-20.)  In its ex parte application, Hard

7    Drive represented to the court that the Doe defendants committed infringement under the cover of IP

8    addresses as opposed to using their actual names.  (Id., at 1:17-20.)  Hard Drive next represented to the

9    court that the only way that it could determine the defendants' actual names is if the court issued an

10   order allowing it to issue subpoenas upon the defendants' internet service providers (hereafter "ISP").

11   (Id., at 1:26-2:1.)  Hard Drive finally represented to the court that once it had each defendants' contact

12   information, "the **defendant** will be contacted and **formally named in the suit, service will be**

13   **effectuated**, and the case will be allowed to proceed as usual."  (Id., at 2:18-21.)  Hard Drive again

14   notified the court that the issue of whether it was the exclusive rights holder of the adult pornographic

15   purported copyrighted work was "at issue" in the action.  (Id., at 18:12-16.)

16        In support of its ex parte application for expedited discovery, Hard Drive submitted the

17   declaration of Peter Hansmeier.  (Exhibit D.)  In his declaration, Mr. Hansmeier declared under penalty

18   of perjury that he personally observed the swarms comprised of hundreds of users that were

19   distributing Hard Drive's adult pornographic work.  (Id., at 1:19-20 & 5:4-7 (¶ 10).)  He further

20   declared that his company's proprietary software was effective in capturing granular-level data about

21   each defendants' infringing conduct to ensure that the information gathered for each Doe defendant

22   was accurate.  (Id., at 5:23-27 (¶ 12).)  He finally declared that he was able to observe each defendants'

23   infringing activity through his proprietary forensic software.  (Id., at 6:16-17 & 6:20-22 (¶ 15).)  Based

24   upon Hard Drive's ex parte application to the court, including the representations made therein and the

25   supporting declaration of Mr. Hansmeier, the court granted its request for expedited discovery.

26   (Exhibit E at 1:17-27.)

27        After receiving Mrs. Wong's contact information, Hard Drive transmitted a July 13, 2011 letter

28   to her demanding $3,400 to settle the case.  (Exhibit A at Exhibit A, p.2, ¶ 3 & 6:20-7:25 (¶¶ 46-55).)

It is Hard Drive's position that Mrs. Wong is vicariously liable for all infringing conduct occurring through her ISP account.  (Exhibit A at Exhibit A, p.4, ¶ 10 & Exhibit B, p.3, ¶ 5.)  Hard Drive further threatened Mrs. Wong that that it was prepared to commence its lawsuit against her.  (Exhibit A at Exhibit A, p.1, ¶ 5 & 6:23:14 (¶¶ 46-52).)  In response, Mrs. Wong denied all liability alleged in the prior actions' complaint.  (Exhibit A at 8:1-2 (¶ 57).)  Hard Drive then dismissed its prior action.  (Exhibit A at 8:5-6 (¶ 59); and Action number C 11-01957 JCS, Docket 13.)

Hard Drive then filed on November 21, 2011 action number C 11-05630 YGR (hereafter "present action").  (Exhibit A at 8:17-20 (¶ 63); and Action number C 11-05630 YGR, Docket 1.)  In its present action, Hard Drive again judicially admitted the fact that Mrs. Wong resided in this district.  (Exhibit A at 9:5-6 (¶ 66).)  On December 5, 2011, Hard Drive transmitted a warning letter to Mrs. Wong to preserve all evidence else she be subject to spoliation sanctions.  (Exhibit G at pp. 1-2.)  Based on its ex parte application for expedited discovery, Hard Drive then obtained an order from the court to depose Mrs. Wong.  (Exhibit A at 9:19-20 (¶ 70).)  Hard Drive then demanded a $3,000 settlement from Mrs. Wong in order for her to avoid her "costly deposition."  (Exhibit A at Exhibit D & 10:13-14 (¶ 77).)

**B.      LEGAL ARGUMENT**

    **1.      Venue is Proper in the Northern District of California**

"Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights … may be instituted in the district in which the defendant or his **agent resides or may be found**." (28 U.S.C. § 1400(a); see also <u>Schnell v. Peter Eckrich & Sons, Inc.</u> (1961) 365 U.S. 260, 262-263— the analogous section 1400(b) is "the sole and exclusive provision controlling venue in patent infringements.")  The Ninth Circuit interprets this statutory provision to allow venue "in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state."  (<u>Brayton Purcell LLP v. Recordon & Recordon</u> (9th Cir. 2010) 606 F.3d 1124, 1128.)  In an action for declaratory judgment, however, the realistic position of the parties is reversed.  (<u>Public Service Comm'n of Utah v. Wycoff Co., Inc.</u> (1952) 344 U.S. 237, 248.)  In such a case, the plaintiff is seeking to establish a defense against defendant's conduct.  (<u>Id.</u>)

///

In support of its motion to dismiss, Hard Drive's agent declared under penalty of perjury that it may be found in this district.  (Declaration of Brett L. Gibbs (hereafter "Gibbs Decl.") at 2:21-23 (¶ 1), Docket 8-1.)  As such, venue is proper in this district.

### a.   Hard Drive Failed to Controvert Mrs. Wong's Complaint Allegations and Exhibits Showing that Venue is Proper in this District

Hard Drive's citation to <u>Brayton Purcell LLP v. Recordon & Recordon</u> (9th Cir. 2009) 575 F.3d 981 is inappropriate as it has been superseded by the court's later decision.[2]  Furthermore, the later decided case supports Mrs. Wong's position that venue is proper in this district.  Specifically, "in the absence of an evidentiary hearing, the plaintiff need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss."  (<u>Brayton Purcell LLP</u>, 606 F.3d at 1127, citation omitted.)  In such a case, "uncontroverted allegations in [plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor."  (<u>Id</u>., citations omitted.)  Moreover, the court may consider material which is properly submitted as part of the complaint.  (<u>Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.</u> (9th Cir. 1989) 896 F.2d 1542, 1555, fn. 19, citation omitted—court properly considered assignment attached as exhibit to counterclaim in ruling on a Rule 12(b)(6) motion.)

Hard Drive concedes that jurisdiction over it in this district is proper when:  (1) it purposefully directed its activities towards or performed some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim arises out of or relates to its forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e. it must be reasonable.  (<u>Brayton Purcell LLP</u>, 606 F.3d at 1128; and Reply at 3:9-16, Docket 12.)  For example, the U.S. Supreme Court held that specific jurisdiction in California was appropriate when it found that the intentional actions of defendants residing in Florida expressly aimed its conduct at California, and the brunt of the injury was felt by the California plaintiff.  (<u>Calder v. Jones</u> (1984) 465 U.S. 783, 785-786.)

---

[2]  See <u>Brayton Purcell LLP</u>, 606 F.3d at 1126—"The Opinion filed August 5, 2009, and published at 575 F.3d 981 (9th Cir. 2009), is hereby withdrawn and superceded by the Opinion filed concurrently herewith."

Here, Hard Drive absolutely failed to controvert the allegations in Mrs. Wong's complaint, and the material submitted as part of her complaint which shows that all three of the <u>Brayton Purcell</u> elements are present. First, Hard Drive failed to controvert the allegation that Hard Drive does business in the State of California, including in the Counties of San Francisco and Solano. (Exhibit A at 1:26-28 (¶ 3).) Second, Hard Drive failed to controvert the materials attached to Mrs. Wong's complaint showing that her claim relates to Hard Drive's threats of a lawsuit, settlement demands, notices to preserve evidence, and deposition subpoenas that it purposefully directed towards Mrs. Wong in this district through its agent who may also be found in this district. (Exhibit A at Exhibit A, p.1, ¶ 5, p.2., ¶ 3 & p.4, ¶ 10, Exhibit B at p.3, ¶ 5 & Exhibit D; Exhibit G at pp. 1-2; and Gibbs Decl. at 2:21-23 (¶ 1), Docket 8-1.) Third, the exercise of jurisdiction over Hard Drive is reasonable as it comports with fair play and substantial justice—it has filed numerous copyright infringement lawsuits in this district, including its prior and present actions relating to Mrs. Wong's IP address, and has readily available local counsel. (Exhibit J at pp. 4-6; and Gibbs Decl. at 2:21-23 (¶ 1), Docket 8-1.) As such, all three <u>Brayton Purcell</u> elements are present, and venue and jurisdiction are proper in this district.

**b.      Venue is Proper in the Northern District of California Due to Hard Drive's Waiver by Filing its Suits in this District**

A plaintiff **waives venue by bringing suit in a district**, even though venue is not proper there under the statute. (<u>Olberding v. Illinois Cent. R. Co.</u> (1953) 346 U.S. 338, 341—Illinois corporation, by bringing suit against Indiana resident in the Kentucky District Court, waived its right to object to venue, but defendant, unless he had also consented to be sued in such district, was still entitled to object to improper venue.)

Here, Hard Drive failed to submit any evidence to controvert any of the allegations in Mrs. Wong's complaint that Hard Drive filed its prior and present actions for infringement of the same purported copyrighted adult pornographic work outside this district. Furthermore, both of Hard Drive's prior and present copyright infringement actions are related to the IP address allegedly assigned to Mrs. Wong's account. (Exhibit B at 1:6-14, 2:23-3:15 (¶¶ 4-5), 4:11-14 (¶ 7), 7:23-8:20

///

(¶¶ 25-31) & p.13.)  Moreover, Hard Drive conceded and judicially admitted that its present action and Mrs. Wong's case involve the same factual and legal issues.  (Reply at 10:5-6, Docket 12.)

As discussed in detail hereafter, the doctrine of judicial estoppel also precludes Hard Drive from arguing that venue is improper due to its prior judicial admissions that venue was and is proper in this district.  The court should not allow Hard Drive to play fast and loose with the court in its attempt to dismiss Mrs. Wong's case now.

### c. Hard Drive Judicially Admitted Facts that Venue is Proper in the Northern District of California and has Waived All Objections to Venue

"[A]dmissions in the pleadings are generally binding on the parties and the Court."  (American Title Ins. Co. v. Lacelaw Corp. (9th Cir. 1988) 861 F.2d 224, 226, citation omitted.)  "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact."  (Id.)  Indeed, such a judicial admission "is conclusive in the case."  (Christian Legal Soc'y Chapter of the Univ. of Calif., Hastings Coll. of the Law, aka Hastings Christian Fellowship v. Martinez (2010) 130 S.Ct. 2971, 2983.)

In its prior action filed in this district, Hard Drive judicially admitted the fact that all Doe defendants, including Mrs. Wong, resided in this district, may be found in this district, and/or committed acts in this district giving rise to its claims.  (Exhibit B at 2:22-24 (¶ 4) & p.13.)  Hard Drive judicially admitted facts giving rise to support its claims to join all 48 Doe defendants in this district.  (Id., at 2:26-3:15 (¶ 5).)  Likewise in its present action filed in this district, Hard Drive again judicially admitted the fact that Mrs. Wong resides in this district.  (Exhibit A at 9:5 (¶ 66).)

Hard Drive's argument that Mrs. Wong's claim that venue is likewise proper in the Eastern District is a red herring.  This is because a copyright infringement defendant or a party who is moving for a declaratory order of non-infringement, like Mrs. Wong, can always waive the affirmative defense of venue.  (See Neirbo Co. v. Bethlehem Shipbuilding Corp. (1939) 308 U.S. 165, 168.)  She has done so here by filing her declaratory relief action in this district so that her action and Hard Drive's action may be heard together to preserve judicial resources.

///

///

      **d.**     **Hard Drive is Judicially Estopped from Arguing that Venue is Improper in the Northern District of California**

"Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." (Rissetto v. Plumbers & Steamfitters Local 343 (9th Cir. 1996) 94 F.3d 597, 589 & 600, citations omitted—plaintiff who obtained favorable workers' compensation settlement based on her assertion that she could not work was judicially estopped in subsequent litigation from asserting she could work.) The purpose of the doctrine is to effectuate the orderly administration of justice, and to protect the integrity of the judicial process by prohibiting a litigant from "playing fast and loose with the courts." (Id., at 601, citation omitted.)

Two views of the doctrine exist in the Ninth Circuit. (Id., at 601.) The more restrictive majority view holds that a party "who has obtained relief from an adversary by asserting and offering proof to support one position may not be heard later in the same court to contradict himself in an effort to establish against the same adversary a second claim inconsistent with his earlier contention." (Id.; see also State of Ariz. v. Shamrock Foods Co. (9th Cir.1984) 729 F.2d 1208, 1215—"use of inconsistent positions would most flagrantly exemplify that playing 'fast and loose with the courts' which has been emphasized as an evil the courts should not tolerate[,]" cert. denied (1985) 469 U.S. 1197.) In contrast, the less restrictive minority view holds that estoppel applies even if the party's prior advocacy of its position was unsuccessful. (Rissetto, 94 F.3d at 601, citation omitted.)

Here, the determination of whether the majority or minority view applies is irrelevant as the facts show that the more restrictive view is present since Hard Drive obtained discovery from the court based on its representations that venue is proper in this district. This is because in both of Hard Drive's prior action and present action relating to the alleged copyright infringement by other defendants and Mrs. Wong, it obtained relief from the court by judicially admitting that venue was and is proper in this district. (Exhibit A at 9:5 (¶ 66); and Exhibit B at 2:22-3:15 (¶¶ 4-5).) Based on these judicial admissions, Hard Drive then sought expedited ex parte discovery from the court. (Exhibit A at 5:16-20 (¶ 33), 6:16-19 (¶¶ 44-45) & 9:19-20 (¶ 70); and Exhibit C at 1:1-7 & 2:12-21.) The court granted Hard Drive's ex parte applications for expedited discovery based upon its judicial admissions

that venue was and is proper in this district.  (Exhibit A at 9:19-20 (¶ 70); Exhibit E at 1:17-27; and Action number C 11-05630 YGR, Court Order, Docket 10.)  As Hard Drive obtained two court orders granting expedited discovery based upon its prior judicial admissions that venue is proper in these cases, it is **judicially estopped** from contradicting itself now by arguing the inconsistent position that venue is improper.  Accordingly, Mrs. Wong respectfully requests the court to deny Hard Drive's motion to dismiss, because judicial estoppel bars it from contending otherwise.

**2.     The Court Should Grant Mrs. Wong Leave to Intervene into Hard Drive's Present Action if it is Inclined to Grant the Motion to Dismiss**

"On timely motion, the court may permit anyone to intervene who:  …  has a claim or defense that shares with the main action a common question of law or fact."  (Fed. R. Civ. P. 24(b)(1).)  Hard Drive readily conceded that its and Mrs. Wong's action involve the same factual and legal issues.  (Action number C 12-00469 YGR, Reply at 10:5-6, Docket 12.)  As such, if the court is inclined to grant Hard Drive's motion to dismiss, at a minimum, the court should stay such an order to allow Mrs. Wong time to intervene.  This will allow Mrs. Wong to deny Hard Drive's claims, and provide her with an opportunity to present her counter-claims which are absent in Hard Drive's present action.

**3.     An Actual Case and Controversy Exists between Mrs. Wong and Hard Drive**

Hard Drive concedes that the plausibility pleading standard enunciated by the Supreme Court in <u>Ashcroft v. Iqbal</u> (2009) 556 U.S. 662, 129 S.Ct. 1937, 1949-1950 is controlling.  (Motion at 3:7-17.)  Hard Drive's next citation to Supreme Court cases on the general prohibition against issuing advisory opinions is inapplicable here.  (Motion at 5:14-17.)  This is because Hard Drive failed to controvert and blatantly ignored not only Mrs. Wong's allegations in her first amended complaint, but the documents authored by Hard Drive's agent evidencing the existence of an actual controversy in this district.  (Exhibit A at Exhibits A to D; and Exhibit G.)

**a.     The Declaratory Judgment Act**

The purpose of the Declaratory Judgment Act is "to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure-or never."  (<u>Hal Roach Studios, Inc.</u>, 896 F.2d at 1555, citation omitted.)  Thus, an action for declaratory judgment involving the validity or infringement of a copyright presents a

justiciable controversy.  (<u>Hal Roach Studios, Inc.</u>, 896 F.2d at 1556 citing <u>Societe de Conditionnement en Aluminium v. Hunter Engineering Co., Inc.</u> (9th Cir. 1981) 655 F.2d 938, 944-945—threat of suit by defendant for patent infringement established prima facie case or controversy; and <u>International Harvester Co. v. Deere & Co.</u> (7th Cir.1980) 623 F.2d 1207, 1211—plaintiff need not show that an actual charge of infringement has been made by defendant.)

Article III of the Constitution limits the power of federal courts to deciding cases and controversies by requiring the party who invokes the court's authority to "show that he personally has suffered some actual or **threatened injury** as a result of the **putatively illegal conduct of the defendant**[.]"   (<u>Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.</u> (1982) 454 U.S. 464, 472, citation omitted, emphasis added.)   In order to establish a case or controversy that gives rise to declaratory judgment jurisdiction, "[t]he disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see **what legal issues it is deciding**, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them."  (<u>Public Serv. Comm'n of Utah</u>, 344 U.S. at 244, emphasis added.)  Thus, the case or controversy must be "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."  (<u>Aetna Life Ins. Co. of Hartford, Conn. v. Haworth</u> (1937) 300 U.S. 227, 241, citations omitted.)

Accordingly, suits for declaratory judgments are not uncommon in the area of patents and copyrights.  If a defendant has threatened plaintiff with suit, a justiciable controversy is ordinarily present.  (<u>Massa v. Jiffy Products Co.</u> (9th Cir. 1957) 240 F.2d 702, 705—"Where the patent owner informs a customer of the alleged infringer that there is a violation of the owner's patent by the alleged infringer's manufacturing a certain item, **there is sufficient controversy to allow the manufacturer to file suit to have the patent declared invalid**[;]" see also <u>Skelly Oil Co. v. Phillips Petroleum Co.</u> (1950) 339 U.S. 667, 671-672—Declaratory Judgment Act allows relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement was pending.)  A justiciable controversy likewise exists even where **there has been no actual threat of suit, so long as defendant**

///

1   **has notified plaintiff that defendant claims his copyright has been infringed**.  (Smith-Corona

2   Marchant Inc. v. American Photocopy Equipment Co. (S.D.N.Y. 1962) 214 F.Supp. 348, 350.)

3          As discussed hereafter, not only did Hard Drive threaten suit against Mrs. Wong, it also

4   provided notice of its position that she was absolutely and vicariously liable for infringement of Hard

5   Drive's purported copyrighted work.  (Exhibit A at Exhibit A, p.1, ¶ 5, p.4, ¶ 10 & Exhibit B, p.3, ¶ 5.)

6   Further support of an actual controversy is evidenced in Hard Drive's notice to Mrs. Wong to preserve

7   all evidence else she face spoliation sanctions.  (Exhibit G at pp. 1-2.)

8                    **b.      An Actual Case and Controversy Exists between Mrs. Wong and Hard
                              Drive Due to Hard Drive's Threat of a Lawsuit, its Position that Mrs. Wong
9                             is Liable to it, and its January 18, 2012 Settlement Demand for $3,000**

10         Here, the extrinsic evidence incontrovertibly shows Hard Drive first threatened a lawsuit

11  against Mrs. Wong for copyright infringement.  (Exhibit A at Exhibit A, p.1, ¶ 5.)  Hard Drive further

12  provided notice to Mrs. Wong that she was liable for copyright infringement based merely upon the

13  fact that infringement occurred through her ISP account.  (Exhibit A at Exhibit A, p.4, ¶ 10 &

14  Exhibit B, p.3, ¶ 5.)   Hard Drive then notified Mrs. Wong to preserve all evidence else she face

15  spoliation sanctions.  (Exhibit G at p.2, ¶ 1.)

16         After filing its present action, Hard Drive demanded a $3,000 settlement from Mrs. Wong on

17  January 18, 2012.  (Exhibit A at Exhibit D, ¶ 5.)  In order for Hard Drive to justify its settlement

18  demand, only two scenarios can possibly exist.  The first scenario is that it is still Hard Drive's extra-

19  judicial position that Mrs. Wong is liable for contributory copyright infringement based upon its

20  erroneous theory of absolute or vicarious liability.[3]  (Exhibit A at Exhibit A, p.4, ¶ 10 & Exhibit B, p.3,

21  ¶ 5.)   The second scenario is that it is Hard Drive's position that Mrs. Wong is not liable for

22  infringement, yet it is still misusing its invalid copyright, in which it also seeks a declaration from the

23  court, to improperly extort a settlement from her.   (Exhibit A at 10:13-14 (¶ 77), 10:20-11:23

24  (¶¶ 80-92) & Exhibit D, ¶ 5; and Exhibit B at 3:15-17 (¶ 5).)  Either scenario, however, creates a

25  ///

26  _____

27  [3] Under this scenario, Mrs. Wong has alleged that Hard Drive purposely avoided naming her in its
    present action to obtain ex parte discovery on an expedited basis while depriving her of the ability to
28  conduct discovery to defend herself.  (Exhibit A at 9:21-24 (¶ 71).)  Hard Drive failed to controvert
    this allegation.

1  justiciable controversy between Mrs. Wong and Hard Drive that involves the validity of its purported

2  copyright to the adult pornographic work at issue, and her claim of non-infringement of this work.

3        Finally, Hard Drive failed to controvert any of the allegations in Mrs. Wong's first amended

4  complaint which must be taken as true by the court.  (See Brayton Purcell LLP, 606 F.3d at 1127,

5  citation omitted.)  Instead, all Hard Drive submits is a declaration from its counsel that it was his belief

6  back in December 2011 that Mrs. Wong was not the actual infringer.  (Brett L. Gibbs Declaration at

7  2:23-3:3 (¶ 2).)  This declaration, however, fails to controvert any of the facts in Mrs. Wong's first

8  amended complaint, including the issue of whether Hard Drive even has a valid copyright.  (Exhibit A

9  at 10:20-11:23 (¶¶ 80-92); and Exhibit B at 3:15-17.)  First, this evidence does not eliminate Hard

10 Drive's position of absolute or vicarious liability against Mrs. Wong.  (Exhibit A at Exhibit A, p.4,

11 ¶ 10 & Exhibit B, p.3, ¶ 5.)  Notably, this evidence does not eliminate Hard Drive's recent January 18,

12 2012 $3,000 settlement demand made to Mrs. Wong.  Instead, the extrinsic evidence that Mrs. Wong

13 submitted to the court shows that all of these issues are still at issue between the parties.  Hard Drive's

14 $3,000 settlement demand to Mrs. Wong is the equivalent of the 3,000 pound elephant in the room that

15 Hard Drive never mentioned, and failed to address in its moving papers.

16              **c.    An Actual Case and Controversy Still Exists between Mrs. Wong and Hard
                        Drive Even if it Promised Not to Sue Her**

17

18        Mrs. Wong anticipates that Hard Drive may argue that it will make a promise not to sue her or

19 that she is not liable to it for copyright infringement.  Should this occur, an actual controversy still

20 exists given the totality of the facts presented in Mrs. Wong's first amended complaint and her request

21 for a declaration that Hard Drive's work is not copyrightable along with Hard Drive's own request for

22 a declaration of its rights to the purported copyrighted work.

23        The Federal Circuit has previously held that a patent owner's statement that it had absolutely

24 no plans to sue the declaratory relief plaintiff did not eliminate nor moot the justiciable controversy

25 between the parties.  (SanDisk Corp. v. STMicroelectronics, Inc. (Fed. Cir. 2007) 480 F.3d 1372,

26 1382-1383.)  Instead, the court found that the patent owner's engagement in a **course of conduct**

27 showed its preparedness and willingness to enforce its patent rights despite such a promise.  (Id.)

28 Tellingly, the court held that the patent owner was "engaging in the kinds of '**extra-judicial patent**

**enforcement** with **scare-the-customer-and-run tactics**' that the Declaratory Judgment Act was intended to obviate." (<u>Id.</u>, emphasis added.)

Hard Drive's conduct, to date, is no different than the patent owner in <u>SanDisk</u>. Mrs. Wong has already presented evidence of Hard Drive's extra-judicial copyright enforcement in order to scare her into settling. (See section B.3.b. at 10:8-11:15.) Undoubtedly, it is certain that Hard Drive has not only engaged in scare-the-customer-and-run tactics against Mrs. Wong, but also against other Doe defendants that it has obtained personal information for. (Exhibit J at 1:20-22 (¶ 4) & pp. 4-6.) This is based upon Hard Drive's agent's custodian of records declaration, made under penalty of perjury, that Hard Drive has sued 3,480 Doe defendants, yet has served none of them. (Id.) Given this evidence, Mrs. Wong has shown that an actual and justiciable controversy exists between her and Hard Drive regarding the validity of its purported copyrighted work and Mrs. Wong's non-infringement. As such, she respectfully requests the court to deny Hard Drive's motion to dismiss in its entirety.

### d.    Hard Drive's First-Filed Action Argument is Meritless

#### (1)    Hard Drive is Judicially Estopped from Arguing that Mrs. Wong's Action is Duplicative of its Prior Filed Action Due to its Judicial Admissions that the Cases are Not Related

Hard Drive previously filed its opposition to Mrs. Wong's administrative motion to consider whether cases should be related in its prior action. (Exhibit H.) Specifically, Hard Drive represented to the court that "the cases referenced in the Motion involve **distinct factual matters** and **different defendants**…" (Exhibit H at 1:27-2:1.) Presumably based upon Hard Drive's opposition, the court denied this administrative motion. (Exhibit I at p.2.)

Hard Drive is now judicially stopped from contradicting its prior representation that its present action and this action are now duplicative. (Exhibit H at 1:27-2:1.) The court should deny Hard Drive's motion as it is clear that Hard Drive is trying to play "fast and loose with the courts." (See <u>Rissetto</u>, 94 F.3d at 601, citation omitted.)

///

///

///

(2)  **Hard Drive Failed to Submit Binding Authority in Support of its First-Filed Action Argument**

Hard Drive failed to cite to any binding authority[4] to support its argument that the court should dismiss Mrs. Wong's action simply because Hard Drive filed its action first.  (Motion at 5:24-6:15.)  First, Hard Drive misquotes the holding, due to different case facts, of Serlin v. Arthur Andersen & Co. (7th Cir. 1993) 3 F.3d 221, 223 which in turn cited to the Illinois district court case of Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc. (N.D. Ill. 1983) 572 F.Supp. 1210, 1213.  In Serlin, plaintiff filed a complaint against specific defendants.  (Serlin, 3 F.3d at 223.)  To guard against the possibility that the court would grant defendants' motion to dismiss, based on a three-year statute of limitations bar, plaintiff filed a second complaint against the same defendants while his first action was still pending.  (Id.)  None of these facts are present here as Mrs. Wong has not filed two lawsuits against Hard Drive.

Hard Drive's next citation to Northwest Airlines, Inc. v. American Airlines, Inc. (8th Cir. 1993) 989 F.2d 1002 is likewise inapposite.  In Northwest Airlines, Inc., the court addressed the first-filed rule as it pertains to "venue" when parallel litigation has been instituted in courts in different districts. (Id., at 1006.)  Hard Drive's reliance on this case is misplaced as Mrs. Wong's case is not pending in another district.  Indeed, Mrs. Wong is waiving the improper venue of this court so that her case can be heard in this district that Hard Drive has not objected to.  The final fatal defect of the Northwest case is that the parties in Hard Drive's present action are not the same as the parties in Mrs. Wong's action— Hard Drive has not named any defendants at all, has judicially admitted that the facts are different in each case, and that the defendants are not the same.  (Exhibit H at 1:27-2:1.)  Given Hard Drive's position now, including the fact that the court has ordered these cases related, its motion to dismiss based on the first filed rule is simply not applicable.

Hard Drive's reliance upon Martin v. Graybar Elec. Co. (7th Cir. 1959) 266 F.2d 202, 204 fails for the exact same reason as Northwest Airlines, Inc.—there is no identity of parties in Hard Drive's

---

[4] "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."  (Camreta v. Greene (2011) 131 S.Ct. 2020, 2033, fn. 7.)  Similarly, opinions of other circuit courts are not binding in the Ninth Circuit.  (Hart v. Massanari (2001) 266 F.3d 1155, 1172-1173.)

1 present action and Mrs. Wong's action.  (Exhibit H at 1:27-2:1.)  As such, Mrs. Wong respectfully

2 requests the court to deny Hard Drive's motion to dismiss based on the first-filed action rule as it is

3 meritless and has no application here.

### III.    OBJECTIONS

5     Mrs. Wong objects to Hard Drive's renotice of its motion to dismiss for failing to comply with

6 Civil L.R. 7-2(a), (b), (c) & (d) as the only pleading filed and served is its renewed notice of motion.

### IV.    CONCLUSION

8     Based on all the information stated herein, and in her supporting papers, Mrs. Wong

9 respectfully requests the court to deny Hard Drive's meritless motion to dismiss in its entirety.

10 DATED: March 25, 2012

                              MURPHY, PEARSON, BRADLEY & FEENEY

                                   /s/ Steven W. Yuen

                          By _____
                                 Steven W. Yuen
                                 Attorneys for Plaintiff
                                 LIUXIA WONG

15 SWY.20373314.doc

# CERTIFICATE OF SERVICE

I, Steven W. Yuen, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.   My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On March 25, 2012, I served the following document(s) on the parties in the within action:

**PLAINTIFF LIUXIA WONG'S OPPOSITION TO DEFENDANT HARD DRIVE PRODUCTIONS, INC.'S RENEWED MOTION TO DISMISS**

|  | |
|---|---|
| | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
| | **BY HAND**:  The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**:  The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**:  The above-described document(s) will be delivered by overnight service, to the following: |
| **XX** | **BY ECF**: I attached and submitted the above-described document(s) to the ECF system for filing. |

Brett L. Gibbs                                          Attorneys For Plaintiff/Defendant
Prenda Law Inc.                                        HARD DRIVE PRODUCTIONS, INC.
38 Miller Avenue, #263
Mill Valley, CA  94941

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 25, 2012.

/s/ Steven W. Yuen
By _____
        Steven W. Yuen