1  Brett L. Gibbs, Esq. (SBN 251000)
   Prenda Law Inc.
2  38 Miller Avenue, #263
   Mill Valley, CA 94941
3  415-325-5900
   blgibbs@wefightpiracy.com
4  *Attorney for Defendant, Hard Drive Productions, Inc.*

5

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                      SAN FRANCISCO DIVISION

10 LIUXIA WONG,                        )  CASE NO. 5:12-CV-00469-YGR
                                       )
11            Plaintiff,               )
                                       )
12     v.                              )  DEFENDANT HARD DRIVE
                                       )  PRODUCTION'S REPLY IN SUPPORT
13 HARD DRIVE PRODUCTIONS, INC., et al. )  OF ITS MOTION TO DISMISS
                                       )
14            Defendants.              )
                                       )
                                       )
15

16           **DEFENDANT HARD DRIVE PRODUCTIONS, INC.'S**
             **REPLY IN SUPPORT OF ITS MOTION TO DISMISS**
17

18                          **INTRODUCTION**

19        Plaintiff's opposition ("Opposition" or "Opp.") to Defendant's motion to dismiss the

20 Complaint fails to show a valid factual or legal basis justifying this case's existence.  Plaintiff has

21 failed to identify a single valid, or logical, reason why she is pursuing this law suit to seek a

22 declaration that she did not infringe Hard Drive's copyright, when Hard Drive has already informed

23 her that it believes she did not infringe its copyright and all that she has been asked to do is appear

24 for a deposition regarding who used her Internet Protocol ("IP") address to download Defendant's

25 copyrighted work.  The Complaint that she chose to file is legally infirm because (i) she has not

26 asserted facts that establish that venue is proper in this court, and in fact she has admitted that venue

27 is proper in the Eastern District of California; (ii) there is no justiciable claim or controversy in this

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

case, because all named parties agree that she did not infringe; and (iii) there is already another case pending in this District, *Hard Drive Productions, Inc. v. John Doe,* Case No. 11-CV-5630 ( *"Hard Drive II"*[1]), involving substantially related factual and legal issues; Plaintiff could have sought to intervene in that case to seek the declaration she seeks here, which would have avoided the delays that have thus far prevented Defendant from deposing her.

For the reasons set forth below, and in Defendant's opening brief, this Court should dismiss this action.

**ARGUMENT**

**I.    PLAINTIFF'S SECOND OPPOSITION IS IMPROPER AND IMPERMISSIBLE ATTEMPT TO MODIFY AND INTRODUCE ARGUMENTS THAT ARE ALREADY FULLY BRIEFED.**

This is Plaintiff's Second Opposition to the identical Motion to Dismiss, and the Court should strike it because she seeks to re-tool arguments, and add new arguments, to matters that were already fully briefed.

On February 5, 2012, Hard Drive filed its Notice of Motion and Motion to Dismiss Amended Complaint. (Doc. No. 8, hereinafter "Motion to Dismiss".)  At that time, this case was in front of the Honorable Magistrate Judge Howard R. Lloyd.  As such, Hard Drive appropriately noticed its Motion to Dismiss in front of Judge Lloyd. (*See id.*)   On February 21, 2012, Plaintiff filed her Opposition to Defendant Hard Drive Productions, Inc.'s Motion to Dismiss. (Doc. No. 10, hereinafter "Plaintiff's First Opposition.")  Hard Drive timely filed its Reply in Support of its Motion to Dismiss on February 27, 2012. (Doc. No. 12.)  All the briefing was completed as of February 27, 2012.

On February 23, 2012, the Court issued a Related Case Order, which, among other things stated that this case was found to be related to a separate case in front of this Court.  Accordingly, "all future filings in any reassigned case are to bear the initials of the newly assigned judge immediately after the case number… [and] [u]nless otherwise ordered, any date for hearing noticed

---

[1]    Judge Yvonne Gonzalez Rogers entered a Related Case Order in this case on February 23, 2012 relating this case and *Hard Drive II,* and reassigning this case to Judge Rogers.  *See* Docket

2

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT 5:12-cv-00469-YGR

1 motions are vacated and must be re-noticed by the moving party before the newly assigned judge."

2 (Doc. No. 11, hereinafter "Reassignment Order.")  Pursuant to this Reassignment Order and Local

3 Rule (L.R.) 3-12(g), Hard Drive renoticed the Motion to Dismiss on March 9, 2012 for April 17,

4 2012 at 2:00 pm in front of the Honorable District Court Judge Yvonne Gonzalez Rogers. (Doc. No.

5 14.)   In that document, Hard specifically mentioned the reasons for renoticing the Motion to

6 Dismiss, and referred the Court back to Hard Drive's previously filed Motion to Dismiss Plaintiff,

7 Liuxia Wong's, Amended Complaint.

8 On March 25, 2012, Plaintiff filed its Second Opposition. (Doc. No. 15.)  First, Plaintiff's

9 Second Opposition raises new arguments.  Second, Plaintiff's Second Opposition objected "to Hard

10 Drive's renotice of its motion to dismiss for failing to comply with Civil L.R. 7-2(a), (b), (c) & (d) as

11 the only pleading filed and served is its renewed notice of motion." (*Id.*)

12 Plaintiff's Second Opposition is uncalled for.   First, new arguments are presented in

13 Plaintiff's Second Opposition that were not presented in Plaintiff's First Opposition. (*Compare*

14 Plaintiff Liuxia Wong's Opposition to Defendant Hard Drive Productions, Inc.'s Renewed Motion to

15 Dismiss [Doc. No. 14] and Plaintiff Liuxia Wong's Opposition to Defendant Hard Drive

16 Productions, Inc.'s Motion to Dismiss [Doc. No. 10].)  Nothing in the L.R.s or the Court's

17 Reassignment Order allowed Plaintiff to reargue its position.  All of the papers—i.e., the Motion to

18 Dismiss, Plaintiff's First Response, and Hard Drive's Reply—were already in front of the Court.

19 Second, in renoticing the Motion to Dismiss, Hard Drive was simply abiding by the clear

20 language of the Court's Reassignment Order and the L.R.s.  Thus, Plaintiff's objections to Hard

21 Drive's renotice should be struck along with Plaintiff's entire Second Opposition.

22 **II.   PLAINTIFF HAS FAILED TO SHOW THAT VENUE IS PROPER IN THIS DISTRICT.**

23 Plaintiff admits in its Complaint that venue is proper in the Eastern District of California.

24 (Dkt. #4 at ¶12.)  And it has failed to plead facts sufficient to demonstrate that venue is proper in the

25 Northern District of California, as required by governing statutory and case law.   Plaintiff

26 nevertheless argues that the Court should ignore its facially defective pleading relating to venue on

27 the ground that, because Hard Drive previously filed two actions relating to infringement from

28

1
2
3
4

Wong's IP address in this District[2], it somehow acquiesced to being sued in the future in this District.  That argument is utterly baseless, both legally and factually. The Court should therefore dismiss the Complaint.

5
6

**A. Plaintiff Is Required, And Has Failed, To Allege Facts To Establish Proper Venue In This Judicial District.**

7
8
9
10
11
12
13
14
15

In this case, Plaintiff seeks a declaration that she did not infringe upon Defendant's copyright.  Section 1400(a) of the Federal Copyright Act is the sole venue statute for copyright infringement actions. 28 U.S.C. § 1400(a). That section requires that a civil suit under the Copyright Act must be brought in a judicial district "in which the defendant or his agent resides or may be found."  28 U.S.C. § 1400(a).  Section 1400(a) therefore requires that every defendant must be "found" here in order for venue to be proper in this Court.  Venue will only be appropriate in this District if the Defendant resides in the Northern District of California, or if the Court determines that Defendant can be found in this District. *See Brayton Purcell LLP v. Recordon and Recordon, et al.* 606 F.3d 1124 (9th Cir. 2010).

16

**1.  Requirements For Establishing Proper Venue.**

17
18
19
20
21
22
23
24

The Ninth Circuit recognizes a three-pronged test to determine whether a party has sufficient contacts to be found in this district.  *Brayton Purcell,* 606 F.3d at 1128: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable. *Id.*

25
26
27
28

---

[2]      The two cases are *Hard Drive Productions, Inc. v. Does 1-48,* Case No. 11:cv-1957 ("*Hard Drive I*") and *Hard Drive II.*  For ease of reference, this brief will refer to court filings in the case captioned above or "Dkt.," and court filings in the *Hard Drive I* and *II* cases as "*Hard Drive I* Dkt._____" and "*Hard Drive II Dkt._____,*" respectively.

4

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT 5:12-cv-00469-YGR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The first prong is satisfied if the plaintiff establishes either purposeful availment or purposeful direction. *Id.* "A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Id.* Where, as here, the underlying action is for copyright infringement, it is an action sounding in tort. *Id.* The Court must therefore apply the three-part "*Calder*-effects" test, under which "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id., citing Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc) (internal quotation marks omitted).

While Defendant arguably performed an "intentional act" by operating a website that can be accessed here (*see, e.g., Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1020 (9th Cir.2002) (operating a passive website was an intentional act)); Plaintiff has not, and cannot, allege facts satisfying the second and third parts of the *Calder*-effects test. The second part requires that the defendant's conduct be expressly aimed at the forum. *See Brayton Purcell,* 606 F.3d at 1129, citing *Pebble Beach v. Caddy,*453 F.3d 1151, 1156. "It is beyond dispute in this circuit that maintenance of a passive website alone cannot satisfy the express aiming prong." *Id.; citing Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) ("We consistently have held that a mere web presence is insufficient to establish personal jurisdiction."); *and Pebble Beach*, 453 F.3d at 1158 ("[W]e reject . . . any contention that a passive website constitutes express[ ] aiming.").

### 2. Plaintiff Has Failed To Allege Proper Venue.

Plaintiff has not alleged anything suggesting that venue is proper in the Northern District of California. The sole allegation in the Amended Complaint relevant to venue is that "Plaintiff is informed and believes, and thereon alleges that Hard Drive is an Arizona Corporation whose principal place of residence is in Maricopa County, [Arizona], and which does business worldwide including in the State of California, Counties of San Francisco and Solano." Dkt. #4 at ¶3. Plaintiff thus admits that Hard Drive may not be found in this Court. And she includes no allegations to

1  suggest that Hard Drive committed an intentional act expressly aimed at California causing harm

2  that it knows is likely to be suffered in this district.

3      Instead of alleging a valid basis for asserting that venue in this Court is proper, Plaintiff

4  offers the defective argument that Hard Drive "**waiv[ed] venue by bring suit in a district**,

5  even though venue is not proper there under the statute." (Opp. at p. 5, emphasis in original.) In

6  attempting that argument, Plaintiff betrays a profound misunderstanding of the difference between a

7  "plaintiff" and a "defendant." It cites merely to a 1953 U.S. Supreme Court case (*Olberding v.*

8  *Illinois Cent R.R. Co.,* 346 U.S. 338 (1953)) as its sole support that venue is proper, in which,

9  Plaintiff unhelpfully points out, an "Illinois corporation, by bringing suit against Indiana resident in

10  Kentucky …, waived its right to object to venue…" Opp. at p. 5. However, Hard Drive is the

11  *defendant* here. Wong is the *plaintiff.* Hard Drive did not waive anything when Wong chose to sue

12  in an improper forum. And Wong, apparently unwittingly, fully admits the validity of Hard Drive's

13  venue objection when she states that, under *Olberding,* "defendant, unless he had also consented to

14  be sued in such district, was still entitled to object to improper venue." Opp. at p. 5. Hard Drive is

15  the Defendant, it has not consented to Wong suing it in this district, and it is objecting to improper

16  venue.

17      The fact that Hard Drive previously brought lawsuits in this venue, in which Wong was never

18  a party, is not a valid ground to allege proper venue under either 28 U.S.C. § 1400(a), or *Brayton*

19  *Purcell*. And it is not logical. Hard Drive alleged that venue was proper in this Court in *Hard Drive*

20  *I Productions, Inc. v. Does 1-48* (11:cv-1957, "*Hard Drive I*") #1 because "under 28 U.S.C. §§

21  1391(b) and 1400(a)…, on information and belief, Doe Defendants reside in this District, may be

22  found in this District, and/or committed acts in this District giving rise to Plaintiffs claims." *Hard*

23  *Drive I* Dkt. #1 at ¶4. It alleged in *Hard Drive II* that "Venue is properly founded in this judicial

24  district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants reside in this District, may

25  be found in this District, or a substantial part of the events giving rise to the claims in this action

26  occurred within this District." *Hard Drive II* Dkt.#1 at ¶8.

27

28

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT 5:12-cv-00469-YGR

1
2
3
4

     Plaintiff's argument is defective because, as set forth above, Plaintiff has the burden of pleading facts sufficient to show that the location and conduct of Defendant establishes venue in this District.  The fact that Hard Drive filed prior lawsuits in which venue was proper in this District has no bearing on whether venue is proper in this case, where Hard Drive is a Defendant.

5
6

### B.  There Is No Ground To Apply "Judicial Estoppel."

7
8
9
10
11
12
13
14
15
16

     Plaintiff also argues that, by alleging that this Court was the proper venue for it to sue in *Hard Drive I* and *II,* Hard Drive should be "judicially estopped" from asserting that that Plaintiff has failed to allege that venue is proper in this court in this case.  Plaintiff argues that "Hard Drive judicially admitted the fact that all Doe defendants resided in this district, may be found in this district, and/or committed acts in this district giving rise to its claims …  Hard Drive judicially admitted facts giving rise to support its claims to join all 48 Doe defendants in this district … Hard Drive further notified the court that at issue in the case was whether it was the exclusive licensee of the adult pornographic work at issue …  Likewise in its present action, Hard Drive again judicially admitted the fact that Mrs. Wong resided in this district.[3]"  Opp. at pp. 5-6.  That argument is factually and legally baseless.

17

### 1.  No Basis To Assert Judicial Estoppel.

18
19
20
21

     Judicial estoppel is generally a discretionary equitable doctrine that precludes a party from gaining an advantage by asserting one position in a court proceeding and later seeking an advantage by taking a completely different position later.   A court's determination whether to invoke judicial estoppel is informed by several factors:

22
23
24

> (1) Whether a party adopts a position clearly inconsistent with its earlier position; (2) whether the court accepted the parties' earlier position; and (3) whether the party would gain an unfair advantage or impose an unfair detriment if the … party is not estopped."

25
26

*Williams v Boeing Co.,* 517 F.3d 1120, 1134 (9th Cir. 2008) (citing *New Hampshire v. Maine,* 532 U.S. 742, 750-51 (2001)).

27
28

---

[3]  The meaning of this last sentence is unclear, as Plaintiff cites Paragraph 66 of its own Complaint and does not include any statement on the part of Hard Drive.

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT 5:12-cv-00469-YGR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff offers no factual basis to assert that Hard Drive "judicially admitted" anything relevant with respect to venue in this case.  First, Hard Drive has taken no position as to the residence of Wong in connection with this case, because it is not relevant for purposes of venue. "[A]n inconsistent factual or legal position is a threshold requirement to the doctrine" of judicial estoppel. *Klamath Siskiyou Wilderness Ctr. V. Boody,* 468 F.3d 549, 554 (9th Cir. 2006) (citation omitted). As set forth above, it is the residence and conduct of *Hard Drive* that is relevant for purposes of determining proper venue.  The residence of Plaintiff is irrelevant for that purpose, and Hard Drive has taken no position as to her residence, much less a position contrary to what it alleged in other litigation. Plaintiff has thus failed to meet the threshold requirement for alleging judicial estoppel.

Plaintiff also fails to address, much less satisfy, the other two parts of the test for seeking judicial estoppel.  The Court did not "accept" the position of Hard Drive in either *Hard Drive I* or *Hard Drive II.*  Instead, the Court held that there was "[g]ood cause" to grant Hard Drive's applications to take discovery (*Hard Drive I* Dkt. # 11) and that "[u]nder the circumstances here, the request to depose [Wong] appears reasonably calculated to lead to the discovery of admissible evidence, and leave to issue a subpoena will be granted, without prejudice to [Wong's] rights under the Federal Rules to move to quash or limit the subpoena" (*Hard Drive II* Dkt. #10).

The Court did not make factual or legal ruling of a contested issue in either case.  In order for judicial estopppel to apply, a court has to rely upon inconsistent statements.  *Masayesva v. Hale,* 118 F.3d 1331, 1382 (9th Cir. 1997).  The Courts in both *Hard Drive I* and *Hard Drive II* did not make factual rulings based on Hard Drive's statements as to venue, it simply allowed Hard Drive to serve subpoenas to learn the identities of the Doe defendants.  As such, Plaintiff has failed to show that a court "relied upon" or "accepted" statements by Hard Drive.  And it cannot allege that Hard Drive will gain an unfair advantage, or impose an unfair detriment, if the Court does not estop it from challenging venue.

///

///

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT 5:12-cv-00469-YGR

### 2. Plaintiff Lacks Standing To Request This Court To Grant A Motion To Intervene In Another Case.

Wong argues that this Court should grant her leave to intervene in *Hard Drive II* if it grants Hard Drive's motion to dismiss in this case. Opp. at p. 8.

While Wong cites an excerpt from Fed. R. Civ. P. 24(b)(1) regarding intervention in cases involving common questions of law or fact, he overlooks the fact that *Hard Drive II* is an entirely different case from this one. Wong does not have standing to ask the Judge presiding over this case, to enter an order on for the Judge presiding over *Hard Drive II*, to allow Wong to intervene in *Hard Drive II*. The Court in *Hard Drive II* is, of course, fully capable of determining who may or may not intervene in that case. And while Wong may have the right, in the abstract, to intervene in *Hard Drive II*, Rule 24 requires him to do "[o]n timely motion." Fed. R. Civ. P. 24(a). Burying a request to intervene deeply within a verbose opposition to a motion to dismiss, filed in an entirely separately case, cannot under any circumstances be considered to be a proper motion to intervene presented in a U.S. District Court. The Court should disregard and deny Wong's peculiar request to intervene in *Hard Drive II*.

### 3. Wong Cannot "Waive" Objections Over Venue.

Plaintiff also maintains that "Hard Drive's argument that Mrs. Wong claims that venue is likewise proper in the Eastern District is irrelevant for her action. This is because a copyright infringement defendant or a party who is moving for a declaratory order of non-infringement, like Mrs. Wong, can always waive the affirmative defense of venue … She has done so here by filing her declaratory relief action in this district." Opp. at p. 6.

The precise meaning of this argument is unclear. But Plaintiff has firmly admitted in her Complaint that "Venue is proper in the **Eastern District** of California pursuant to 28 U.S.C. section 1400(a) as Hard Drive has claimed that plaintiff infringed its purported copyrighted work by downloading such works where she resides." Dkt. #4, ¶12 (emphasis added). She does not have grounds to assert or waive an "affirmative defense of venue" because she is not defendant in any litigation referenced in Plaintiff's Opposition. And the suggestion that Plaintiff can purport to

9

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT 5:12-cv-00469-YGR

"waive" Defendant's objections to venue by simply filing a complaint in her chosen venue is, of course, nonsense.

### III.    THERE IS NO CASE OR CONTROVERSY.

Plaintiff has also failed to rebut the plain fact that there is no case or controversy at issue in this litigation.  Plaintiff asserts that she did not infringe upon Hard Drive's copyright.  Defendant has informed Plaintiff that it believes that she did not infringe on its copyright, and that it will not sue her for infringement.  The Court therefore has no jurisdiction to hear this case.

Article III of the United States Constitution limits the jurisdiction of federal courts to the adjudicating of "cases" and "controversies.  U.S. Const. art. III, § 2, cl. 1.  The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction … any court of the [United States], upon the filing of an appropriate pleading, may declare the rights and other legal relations of any related party seeking such declaration, whether or not further relief is or could be sought…."  28 U.S.C. § 2201(a).  Article III requires that a dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."  *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118  (2007) (citation omitted).

Plaintiff argues that there is a case or controversy here because counsel for Hard Drive initiated settlement discussions in July 2011 relating to *Hard Drive I;* asked her to preserve evidence; and extended a settlement offer to forego deposing her in *Hard Drive II*, through a settlement offer in which she could avoid being deposed and settle possible claims against members of her household who may be the actual infringers.  Opp. at p. 10.  None of that gives rise to a justiciable controversy.

Plaintiff's argument fails at the outset for what it tries to minimize:  *neither party claims that Wong is the infringer.*  Plaintiff alleged in her Complaint that she is not the infringer.  Counsel for Defendant informed counsel for Plaintiff that Defendant believes another person is the infringer and that Defendant will not seek to name Wong as a defendant in this action.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The most Plaintiff can claim is that in July 2011, Defendant indicated that it may name her as a defendant in *Hard Drive I,* and pursued settlement with her.  While Plaintiff claims that "Hard Drive … threatened a lawsuit against Mrs. Wong for copyright infringement," Defendant never did. Hard Drive did not, and has not, named Wong as a defendant in any action, and it dismissed *Hard Drive I* in September 2011.  Plaintiff's suggestion that Defendant's request that she preserve all evidence relevant to the use of her IP address creates to a case or controversy is baseless.  Indeed, it is commonplace for litigants to request preservation of evidence at the outset of litigation.  And Defendant's offer of January 2012 to settle *Hard Drive II*  with Wong, so that she could avoid being deposed and members of her household could avoid potential liability for infringement, also falls far short of establishing a judiciable claim or controversy.  Indeed, the wording of that offer confirms the fact that Defendant does not view Wong as the infringer and that it instead believes another member of Wong's household may be.

Defendant's reasonable attempts to resolve its infringement claims fall far short of a "threat" to sue her for infringement.  Faced with that obstacle, Defendant has misapplied and misstated the Federal Circuit Court of Appeals' decision in *SanDisk Corp. v. STMicroelectronics, Inc.,* 480 F.3d 1372 (Fed. Cir. 2007) as holding that "a patent owner's statement that it had absolutely no plans to sue the declaratory relief plaintiff did not eliminate nor moot the justiciable controversy between the parties."  Opp. at pp. 11-12.

*SanDisk* is inapplicable and distinguishable, and cannot salvage Plaintiff's claim for declaratory judgment.  Initially, the court in *SanDisk* expressly limited its ruling to claims relating to patent infringement.  *SanDisk,* 480 F.3d at 1381 ("**We hold only** that where a **patentee** asserts rights under a **patent** based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights") (emphasis added). There are no patent issues in this case.

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT 5:12-cv-00469-YGR

Furthermore, *SanDisk* does not suggest that there is a case or controversy here, because (i) Defendant has indicated that it will assert claims against an unidentified "John Doe," not Wong; and (ii) Wong does not "contend that [she] has the right to engage in" infringement of Defendant's copyright without license.  *SanDisk* therefore offers no basis for Plaintiff to assert that there is a judiciable case or controversy in spite of Defendant's statements that it will not add Wong as a party.

The declaratory judgment defendant in *SanDisk* informed the plaintiff verbally that it had "absolutely no plan to sue" the plaintiff.  But it nevertheless believed that the plaintiff was infringing on its patent.  *See Id.* at 1381.   Aside from the defendant's verbal representation as to its then-current plan, there was no written suggestion that it would not elect to sue the plaintiff in the future.  The court ruled that "We decline to hold that [defendant's] statement that [defendant] would not sue [plaintiff] eliminated the justiciable controversy caused by [defendant's] actions, because [defendant] has engaged in a course of conduct that shows a preparedness and willingness to enforce its patent rights.  *Id.*   The case is clearly distinguishable where, as here, the declaratory judgment defendant has agreed in writing not to sue the plaintiff.  *See Crossbow Technology, Inc. v. YH Technology,* 531 F.Supp.2d 1117, 1123 (N.D. Cal. 2007) (distinguishing *SanDisk*; holding that "a statement of intent not to sue during negotiations is not the same as a covenant not to sue in the future for infringement").

Application of *SanDisk* does not suggest that there is a case or controversy in this action.

**IV.    THE COURT SHOULD DISMISS THIS CASE BECAUSE IT INVOLVES THE SAME FACTUAL AND LEGAL ISSUES AS *HARD DRIVE II.***

Plaintiff argues that the "first to file doctrine" does not require dismissal of this action, based primarily on factual distinctions that it seeks to draw from cases cited in Defendant's Motion. Plaintiff also argues that Defendant should be "judicially estopped" from seeking application of the doctrine.  Neither argument is valid.

Plaintiff's circular estoppel argument is that Defendants informed the court in *Hard Drive I* that this case should not be deemed to be related to *Hard Drive I,*  because *Hard Drive I*  involved

different legal and factual issues than this one. Opp. p. 10. While Plaintiff accuses Defendant of playing "fast and loose with the courts" by seeking application of the "first-filed doctrine," in reality, it is Plaintiff that is playing fast and loose by misstating Defendant's argument. The "first-filed" case Defendant referred to in opposing a motion to deem cases related was *Hard Drive II,* not *Hard Drive I* as Plaintiff suggests. In *Hard Drive II,* Defendant identified Wong as the IP owner, and sought and obtained permission from the Court to take her deposition. *Hard Drive II* Dkt. #10. That order apparently led Plaintiff to file this suit, which for all practical purposes appears to be simply a way of avoiding having her deposition taken. Irrespective of the motive, it is clear that *Hard Drive II* and this case involve the same factual and legal issues: In its case, Hard Drive seeks to depose Wong for purposes of determining who used her IP address to download its copyrighted materials. In this case, Wong seeks a declaration that it did not infringe upon the Hard Drive copyright at issue in *Hard Drive II.* The cases clearly involve identical legal and factual issues.

Plaintiff's attempts to distinguish the cases Defendant cited in its Motion, based on procedural and factual differences, also fails, because the "first to file" doctrine has been recognized in this District as a doctrine of comity in which a district court may decline jurisdiction where a case presents the same parties and issues already pending elsewhere. *See, e.g., Mediostream, Inc. v. Priddis Music, Inc.,* No. 07-2127, 2007 U.S. Dist. LEXIS 73707, at *6 (N.D. Cal. Sept. 24, 2007) (citing *Pacesetter Systems,Inc. v. Medtronic, Inc.*, 679 F.2d 93, 94-5 (9th Cir. 1982)). Courts may invoke that doctrine to transfer or stay an action when a similar complaint is already on file. *Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 623 (9th Cir. 1991). The purposes of this doctrine include promoting judicial efficiency and the avoiding the risk of inconsistent outcomes. *Church of Scientology of California v. United States Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979). Courts generally consider three factors in applying the doctrine: (1) the chronology in which the two actions were filed; (2) the similarity of the parties; and (3) the factual similarities. *Greenline Industries v. Agri-ProcessInnovations, LLC*, No. 08-2438, 2008 U.S. Dist. LEXIS 60504, at *8 (N.D. Cal. July 28, 2008).

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT 5:12-cv-00469-YGR

1

2          The salient facts, which Plaintiff unsuccessfully seeks to minimize, is that except for the

3    relief requested, this case and *Hard Drive II* involve identical factual and legal issues, and involve

4    both Hard Drive and Wong.  This Court should either dismiss or stay this case pending resolution of

     the first-filed *Hard Drive II* litigation.

5

6                                        **CONCLUSION**

7          WHEREFORE, for all of the foregoing reasons, and for the reasons set forth in its Motion to

8    Dismiss, Defendant Hard Drive Productions, Inc. respectfully requests that this Court deny

9
     Plaintiff's objections to Hard Drive's renotice, strike Plaintiff's entire Second Opposition, grant
10
     Defendant's MOTION TO DISMISS AMENDED COMPLAINT, and grant it any and all further
11
     relief that this Court deems to be reasonable and appropriate.
12

13                                              Respectfully Submitted,

14                                              PRENDA LAW INC.,

15   **DATED: April 1, 2012**

16
                                       By:    /s/ Brett L. Gibbs
17                                            Brett L. Gibbs, Esq. (SBN 251000)
                                              Of Counsel to Prenda Law Inc.
18                                            38 Miller Avenue, #263
                                              Mill Valley, CA 94941
19                                            415-325-5900
                                              blgibbs@wefightpiracy.com
20                                            *Attorney for Defendant, Hard Drive*

21

22

23

24

25

26

27

28
                                              14
     REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT 5:12-cv-00469-YGR

1

2

3                                    **<u>CERTIFICATE OF SERVICE</u>**

4     The undersigned hereby certifies that on April 1, 2012, all individuals of record who are deemed to
      have consented to electronic service are being served a true and correct copy of the foregoing
5     document using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

6

7
                                                            <u>/s/ Brett L. Gibbs</u>
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT 5:12-cv-00469-YGR