Aaron K. McClellan - 197185
amcclellan@mpbf.com
Steven W. Yuen - 230768
syuen@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA 94108-5530
Tel: (415) 788-1900
Fax: (415) 393-8087

Attorneys for Plaintiff
LIUXIA WONG

Brett L. Gibbs - 251000
blgibbs@wefightpiracy.com
PRENDA LAW INC.
38 Miller Avenue, #263
Mill Valley, CA 94941
Tel: (415) 325-5900

Attorneys for Defendant
HARD DRIVE PRODUCTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>　　　　Defendant.<br>―――――――――――――――――――<br>AND ALL RELATED CASES. | Case No.: C 12-00469 YGR<br>(Related to case no. C 11-05630 YGR)<br><br>**JOINT CASE MANAGEMENT STATEMENT; AND [PROPOSED] ORDER**<br><br>Date: April 16, 2012<br>Time: 2:00 p.m.<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Courtroom: 1, 4th Floor<br>File Date: November 21, 2011<br>Trial Date: None |

　　　　Plaintiff Liuxia Wong and defendant Hard Drive Productions, Inc. (hereafter "Hard Drive") submit this joint case management statement only in action number C 12-00469 YGR per the court's Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rules 16-3 and 16-9.

///

///

**1.      Jurisdiction & Service**
*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

          Mrs. Wong:    Declaratory Judgment Act codified at 28 U.S.C. sections 2201 and 2202 for non-infringement of Hard Drive's copyright and challenge to the noncopyrightability of the work per 28 U.S.C. sections 1331 and 1338.  Mrs. Wong, as the declaratory judgment plaintiff, but who for all intents and purposes is actually the defendant, has submitted facts and law in her opposition to Hard Drive's motion to dismiss to support that jurisdiction and venue in this district is proper. (See also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc. (9th Cir. 2000) 223 F.3d 1082, 1086-1088—in action brought by declaratory judgment plaintiff, specific jurisdiction exists over out-of-state defendant who expressly aimed its conduct to the California plaintiff by sending one letter.)

          Hard Drive:    Plaintiff Liuxia Wong (hereinafter "Plaintiff" or "Wong") outlines its basis for jurisdiction in this case in her First Amended Complaint. (ECF No. 4.)  Defendant reserves the right to challenge Plaintiff's jurisdictional claims.
          Plaintiff resides outside of this District. (*See* ECF No. 1.) Defendant also resides outside of this District. (*See id.*) Defendant thus believes that Plaintiff has failed to properly allege facts established that venue in the Northern District of California is proper. (*See* Notice of Motion and Motion to Dismiss Amended Complaint, ECF No. 8, pgs. 3:21 – 4:16.)
          On information and belief, Defendant was served in this case.  None of the Doe Defendants were served or identified in any of Plaintiff's filings.

**2.      Facts**
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

          Mrs. Wong:    From April 22, 2011 to the present, Hard Drive has made threats, provided notices and demanded settlements from her, and filed lawsuits within this district claiming that Mrs. Wong is liable for infringement of the purported copyright for the adult pornographic work of Amateur Allure Jen.  Mrs. Wong has denied these allegations.  Based on all of these facts, she now seeks declaratory relief requesting a judgment that she is not liable for infringement of this work, and that Hard Drive's work is not copyrightable. As late as January 18, 2012, Hard Drive demanded $3,000 in settlement from her.

          Hard Drive:    Plaintiff is an individual who resides outside of this District. Defendant is an organization that holds the copyrights to certain adult entertainment content.  John Does defendants are unknown.
          In a separate, and now related case, Hard Drive brought a John Doe lawsuit alleging infringement. (*See Hard Drive Productions, Inc. v. John Doe*, 4:11-cv-05630 YGR, hereinafter referred to as "*Hard Drive I*.") In that lawsuit, Hard Drive identified Wong as the IP account holder whose IP address was used to infringe on Plaintiff's copyrighted works.  Nothing more.  Wong was never named or served in that suit.  In *Hard Drive I*, Hard Drive applied for, and received, an order from the Court to allow Hard Drive to depose Wong because Wong, as the IP address account holder, was the *only* individual known to Plaintiff to that could have information that could allow Hard Drive to name and serve the John Doe defendant in that case.  After contacting her attorney about setting up that deposition, Wong brought this superfluous action.
          Plaintiff now brings her Amended Complaint in this matter "seeking declaratory relief based upon the continuing improper conduct of defendants."  (ECF No. 4 at pg. 1.)  Plaintiff primarily seeks, among other things, "an order declaring that plaintiff is not liable to Hard Drive for copyright infringement, and/or has not infringed Hard Drive's copyrights, if any." (ECF No 4 at ¶ 106.)  Ironically, Defendant has never stated that Plaintiff was the infringer of its copyrighted works.  In fact, Defendant has reassured Plaintiff's attorney multiple times, in person, in writing and over the phone, that "Our client does not believe that Ms. Wong is the infringer of our client's works" (paraphrasing).  Plaintiff's filings, and even Defendant's filings, have confirmed Defendant's long held stance with

1 regard to Plaintiff as a nonparty non-infringer. (*See, e.g.,* ECF No. 4, at ¶ 100, Plaintiff acknowledged the following in referring to the related *Hard Drive I* Case: "As alleged in Hard Drive's present action… plaintiff ***[Hard Drive] denies that [Wong] is liable to Hard Drive for copyright infringement***.") Additionally, Defendant made generous offers to Plaintiff, at several stages of the litigation, again conceding that Plaintiff was not the infringer, which would end this case as follows: Defendant would submit to an order declaring that Plaintiff was not an infringer of Defendant's copyrighted materials, and both parties would walk away bearing their own fees and costs. Plaintiff fully rejected these offers. Further, Defendant sent Plaintiff several offers of judgments to that effect. Those were rejected as well.

**3. Legal Issues**
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Mrs. Wong: She is not liable for direct infringement as she has not violated any of Hard Drive's exclusive rights by not downloading the work. (17 U.S.C. §§ 106 & 501.) She is also not vicariously liable for contributory infringement as she did not tell anyone else to download the work, and did not know anyone was using her equipment to download the work or that the download was even occurring, and did not distribute any device with the object of promoting its use to infringe a copyright. (Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd. (2005) 545 U.S. 913, 930, 936-937 & 940; and A&M Records, Inc. v. Napster, Inc. (9th Cir. 2001) 239 F.3d 1004, 1022.)

To be entitled to a copyright, the work must "promote the Progress of Science … by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries[.]" (Const. Art. I § 8, cl. 8.) Early Circuit law in California held that works which did not promote the progress of science cannot be protected by copyright. (Martinetti v. Maguire (C.C.Cal. 1867) 16 F.Cas. 920, 922; and Broder v. Zeno Mauvais Music Co. (C.C.Cal. 1898) 88 F.74, 78.)

Horizontal Stare Decisis or Circuit law binds all courts within a particular circuit, including the court of appeals itself. (Hart v. Massanari (9th Cir. 2001) 266 F.3d 1155, 1171—"[T]he first panel to consider an issue sets the law not only for all the inferior courts in the circuit, but also future panels of the court of appeals…. Once a panel resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court" or "unless Congress changes the law.") Subsequent non-en banc decisions by the Ninth Circuit failed to mention, address, or follow this prior binding decision circuit in California. (See Belcher v. Tarbox (9th Cir. 1973) 486 F.2d 1087.) Given the absence of any subsequent en-banc Ninth Circuit decisions, Supreme Court precedent, or changes in the Constitution that copyright is authorized for works which does not promote the progress of science, the subsequent Ninth Circuit decisions are void and do not constitute binding precedent. Under analogous law in a patent case, the Supreme Court held that "The patentee, like these other holders of an exclusive privilege [i.e., trademark and copyright holders] granted in the furtherance of a public policy, may not claim protection of his grant by the courts where it is being used to subvert that policy." (Morton Salt Co. v. G.S. Suppiger Co. (1942) 314 U.S. 488, 494.)

Hard Drive: Defendant believes that Plaintiff's allegations and claims are invalid. At this point, the main legal issue(s) facing the Court is whether Plaintiff's Amended Complaint survives Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 8, hereinafter "Motion to Dismiss."). As described more fully therein, Plaintiff's arguments in its Motion to Dismiss are threefold. *First,* Plaintiff has failed to allege facts suggesting that venue in this Court is proper. *Second,* there is no case or controversy at issue in this litigation because no party has alleged that Plaintiff has infringed a copyright. In fact, Plaintiff's counsel claims that she is not the "John Doe" infringer in the *Hard Drive I* Case, and at this point, Hard Drive has only asked to depose her in order to identify the actual infringer. *Third,* even if this Court does not dismiss the Complaint on other grounds, Plaintiff has the opportunity to seek declaratory judgment and other relief if she is named as the defendant in the *Hard Drive I* Case, which Hard Drive filed before this case. Under Federal procedural law, the Court should dismiss this second-filed case regarding Hard Drive's copyright. (*See* ECF No. 8.)

Defendant will not answer Plaintiff's Amended Complaint unless required to.

**4. Motions**

*All prior and pending motions, their current status, and any anticipated motions.*

<u>Mrs. Wong</u>: She anticipates bringing a motion for partial summary judgment that Hard Drive's work is not copyrightable, and that she is not liable for infringement.

<u>Hard Drive</u>: On February 5, 2011, Defendant filed its Motion to Dismiss. (ECF No. 8). On February 21, 2012, Plaintiff filed her response in opposition. (ECF No. 10). On February 27, 2012, Defendant filed its reply.

On February 3, 2012, Wong brought a motion to relate three separate actions: this action, 4:11-05630 YGR, and 3:11-cv-1957 JCS. The motion was filed in 3:11-cv-1957 JCS. (*See* Case No. 3:11-cv-1957 JCS, at ECF No. 14.) That motion was denied by the Honorable Magistrate Judge Spero, but it was later granted by this Court, and, in turn, this case is now legally related to Case No. 4:11-05630 YGR. (ECF No. [].)

Per the Court's Standing Order, Defendant renoticed its Motion to Dismiss in light of the case reassignment. (ECF No. 14.) For some reason, on March 25, 2012, Plaintiff filed a second response to Defendant's Motion to Dismiss, which also included additional and new arguments. (ECF No. 15.) On April 1, 2012, Defendant filed its reply, and argued that the Court should strike this second opposition. (ECF No. 16.)

**5. Amendment of Pleadings**

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

<u>Mrs. Wong</u>: She plans to amend her requested declaratory relief if information disclosed during discovery warrants it.

<u>Hard Drive</u>: Not applicable.

**6. Evidence Preservation**

*Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.*

<u>Mrs. Wong</u>: She has preserved her hard drive, and documents received from Hard Drive.

<u>Hard Drive</u>: Plaintiff's attorney is on notice that his client should be preserving all discoverable evidence related to this case.

**7. Disclosures**

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

<u>Mrs. Wong</u>: Will fully and timely comply with the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1)(C) within 14 days after the court's case management conference on April 16, 2012.

<u>Hard Drive</u>: Defendant is in the process of formulating initial disclosures. The parties will be exchanging those after the Case Management Conference.

///

///

///

**8.     Discovery**

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).*

     Mrs. Wong:  No discovery has been taken to date.  Her deposition in these related cases are set for April 18, 2012.  She is meeting and conferring with Hard Drive regarding a stipulated protective order regarding the use of her deposition that Hard Drive is recording only by video without a court stenographer.  If the meet and confer efforts fail, she anticipates bringing a motion for protective order.

     Hard Drive:  None that Defendant can identify.

**9.     Class Actions**

*If a class action, a proposal for how and when the class will be certified.*

     Mrs. Wong:  This case is presently not a class action.

     Hard Drive:  Not applicable.

**10.    Related Cases**

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

     Mrs. Wong:  On February 23, 2012, the court issued an order relating this case to action number C 11-05630 YGR.

     Hard Drive:  This case is now legally related to Case No. 4:11-05630 YGR. (ECF No. []).

**11.    Relief**

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

     Mrs. Wong:  Seeks declaratory relief that:  (1) she is not liable to Hard Drive for copyright infringement, and/or has not infringed Hard Drive's copyrights, if any; (2) Hard Drive's work is not copyrightable and/or to strike its copyright registration as the work does not promote the progress of science and the useful arts as required by the U.S. Constitution, including but not limited to the fact that the work is obscene, was created by unlawful conduct, and depicts unlawful activity, and that Hard Drive, its owners, agents, and/or employees have engaged in unlawful activity and/or conduct such as pimping, pandering, solicitation, and prostitution, including conspiracy to commit such acts; (3) Hard Drive has not mitigated damages, including but not limited to being based upon the doctrines of estoppel and laches, and due to its failure to issue Digital Millennium Copyright Act (D.M.C.A.) take down notices or to sue the BitTorrent trackers; (4) Hard Drive is not entitled to recover statutory damages and attorneys' fees; (5) no infringement has occurred given that Hard Drive had authorized its work to be distributed by its non-California unlicensed private investigators, who are in violation of California Business and Professions Code sections 7520 and 7521, while they were distributing and participating in the distribution of the work, and/or that Hard Drive is guilty of unclean hands due to such conduct; (6) Hard Drive, its agents, and/or employees have unlawfully and improperly demanded settlements not supported by facts and law which constitute copyright misuse; and (7) for all recoverable costs.

     Hard Drive:  Defendant makes no counterclaims at this time.

///

**12. Settlement and ADR**
*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

<u>Mrs. Wong</u>: The parties have exchanged settlement demands.

<u>Hard Drive</u>: On April 5, 2012, the parties filed a Stipulation agreeing to Mediation and Early Neutral Evaluation in this case. (ECF No. 18.)
At this point, Defendant is more than willing to engage in settlement. In fact, Defendant has already tried a multitude of times, but has been rejected on each attempt. Defendant believes that Plaintiff's unwillingness to settle at this point is founded in her belief that this Court will grant her the overinflated attorney's fees that she has accrued in this case. It is no longer about whether or not she is the infringer of Defendant's copyrighted works; that issue is clear—she is not. It is Defendant's position that Plaintiff should have never brought this case, and, thus, any unreasonable fees incurred by Plaintiff shall be her responsibility. Defendant believes that the Court needs to tell Plaintiff that she is not entitled to any of her unreasonable attorney's fees in bringing this duplicative case. At that point, and only at that point, will this case fade away.

**13. Consent to Magistrate Judge For All Purposes**
*Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

<u>Mrs. Wong</u>: She has consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

<u>Hard Drive</u>: Not applicable.

**14. Other References**
*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

<u>Mrs. Wong</u>: This case is unsuitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

<u>Hard Drive</u>: None that Plaintiff can see.

**15. Narrowing of Issues**
*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

<u>Mrs. Wong</u>: Mrs. Wong is agreeable to stipulating that Hard Drive's work is not copyrightable, and that she is not liable for infringement. Otherwise, given the estimated 2 to 3 full days for trial, she believes that no other issues can be narrowed to expedite trial.

<u>Hard Drive</u>: Defendant would be more than happy to narrow the issues in this case. Defendant believes that this could expedite this case, and lead to a fair and economic result

///

///

///

**16.     Expedited Trial Procedure**
*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

Mrs. Wong:   This is not the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A given the discovery necessary to prove her case. As such, she is not agreeable to an expedited trial procedure.

Hard Drive:   Defendant has no objection to this case being handled in an expedited manner.

**17.     Scheduling**
*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

Mrs. Wong:    Discovery cutoff:              December 7, 2012
               Expert designation:            December 28, 2012
               Rebuttal expert designation:   January 11, 2013
               Dispositive motion hearing:    February 14, 2013
               Pretrial conference:           May 7, 2013
               Trial:                         May 20, 2013

Hard Drive:   Defendant believes that this scheduling should be related to the scheduling in Case No. 4:11-05630 YGR.

**18.     Trial**
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Mrs. Wong:   Jury trial, 2-3 full court days.

Hard Drive:   Should the Court require Defendant to make a guess at this early stage, Defendant is willing to estimate two full days.

**19.     Disclosure of Non-party Interested Entities or Persons**
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Mrs. Wong:   Complied with Civil L.R. 3-16 by filing her certification on February 1, 2012. It is her position that Hard Drive has not complied with Civil L.R. 3-16(b) by purposefully limiting and qualifying its disclosure to only state that Hard Drive does not have a parent corporation that owns 10% or more of its stock, and that there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities that may have a personal or affiliated financial interest in the subject matter or controversy.

She is further informed and believes that Hard Drive reported in its 2011 annual report received on or about January 28, 2011 by the Arizona Secretary of State that Paul Pilcher owns more than 20% of any class of shares issued by Hard Drive, or having more than a 20% beneficial interest in Hard Drive. This information is publicly available electronically from the Arizona Secretary of State at http://starpas.azcc.gov/scripts/cgiip.exe/WService=wsbroker1/names-detail.p?name-id=11235797&type=CORPORATION.

1     <u>Hard Drive</u>:

2 **20.**     **Other**
*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

    <u>Mrs. Wong</u>: Is unaware of such other matters that may facilitate the just, speedy and inexpensive disposition of this matter

    <u>Hard Drive</u>: None.

DATED: April 9, 2012                                   MURPHY, PEARSON, BRADLEY & FEENEY

                                                      /s/ Steven W. Yuen

By                                         
    Steven W. Yuen
    Attorneys for Plaintiff
    LIUXIA WONG

DATED: April 9, 2012                                   PRENDA LAW INC.

                                                      /s/ Brett L. Gibbs

By                                         
    Brett L. Gibbs
    Attorneys for Defendant
    HARD DRIVE PRODUCTIONS, INC.

SWY.20375130.doc

# CERTIFICATE OF SERVICE

I, Steven W. Yuen, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On April 9, 2012, I served the following document(s) on the parties in the within action:

**JOINT CASE MANAGEMENT STATEMENT; AND [PROPOSED] ORDER**

|  | |
|---|---|
|  | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
|  | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
|  | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
|  | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |
| **XX** | **BY ECF**: I attached and submitted the above-described document(s) to the ECF system for filing. |

Brett L. Gibbs                                                         Attorneys For Plaintiff/Defendant
Prenda Law Inc.                                                     HARD DRIVE PRODUCTIONS, INC.
38 Miller Avenue, #263
Mill Valley, CA 94941

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 9, 2012.

/s/ Steven W. Yuen
By _____
Steven W. Yuen