Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LIUXIA WONG, | Case No.: 4:12-CV-00469-YGR |
| Plaintiff, | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |
| v. | |
| HARD DRIVE PRODUCTIONS, INC. et. al., | Judge: Hon. Yvonne Gonzalez Rogers |
| Defendant. | Date/Time: June 12, 2012, 2:00 p.m. |

### DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION IN LIGHT OF DEFENDANT'S COVENANT NOT TO SUE

PLEASE TAKE NOTICE THAT on June 12, 2012, at 2:00 pm Defendant, Hard Drive Productions, Inc. ("Hard Drive") by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12 and other governing law, shall appear before the Honorable United States District Court Judge Yvonne Gonzalez Rogers at the Oakland Courthouse, Courtroom 1 – 4th Floor, located at the Ronald V. Dellums Federal Building, 1301 Clay Street, Oakland, California 94612, and present its Motion to Dismiss for Lack of Subject Matter Jurisdiction in Light of Defendant's Covenant Not to Sue, and supporting its Motion Defendant states as follows:

### INTRODUCTION

Defendant Hard Drive Productions, Inc., ("Defendant") by and through its undersigned counsel, hereby moves to dismiss Plaintiff Liuxia Wong's ("Plaintiff") First Amended Complaint

(ECF No. 4) for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).

## I. FACTUAL BACKGROUND

On January 30, 2012, Plaintiff filed a Complaint seeking declaratory relief against Hard Drive Productions, Inc. and Does 1-50. (*Liuxia Wong v. Hard Drive Productions, Inc. et al.*, Case No. 5:12-cv-00469, ECF No. 1.) The next day, Plaintiff filed an Amended Complaint. (*Id*, ECF No. 4.) On February 23, 2012, this Court found the instant case, *Liuxia Wong v. Hard Drive Productions, Inc.*, to be related to another case pending before the Court, *Hard Drive Productions, Inc. v. Doe*, and ordered the instant case to be reassigned. (*Liuxia Wong v. Hard Drive Productions, Inc. et al.*, Case No. 5:12-cv-00469, ECF No. 11.)

On February 5, 2012, Defendant moved to dismiss Plaintiff's Amended Complaint. (ECF No. 8.) This Motion was denied on April 13, 2012. (*Id.*, ECF No. 22.) On April 17, 2012, the Court referred the instant action to Magistrate Judge Spero for settlement. (*Id.*, ECF No. 23.) The Order also stayed Plaintiff's deposition in the related case until May 18, 2012.

On April 30, 2012, Defendant Hard Drive Productions, Inc. issued to Plaintiff Liuxia Wong a comprehensive Covenant Not to Sue. (*See* Exhibit A, Covenant Not to Sue, attached hereto.) This covenant states that Defendant Hard Drive Productions, Inc. will not sue Ms. Wong for infringement with respect to the claims raised in Case No. 4:11-cv-05630 YGR (the "5630 Action").

## II. LEGAL STANDARD

An actual controversy must exist at all stages of review, not merely at the time the complaint is filed. *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 954 (9th Cir. 2011); *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002). Federal Rule of Civil Procedure 12(h)(3) requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See also Chapman*, 631 F.3d at 954.

"An action seeking a declaration that plaintiff is not infringing on a copyright presents a case or controversy where there is a 'real and reasonable apprehension' that plaintiff may be subject to liability." (ECF No. 22 at 5-6) (citing *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1157 (9th Cir.

1    2007). A properly executed covenant not to sue for infringement eliminates a "real and reasonable apprehension" of liability and divests a trial court of subject-matter jurisdiction over related claims for declaratory relief. *See Revolution Eyewear, Inc. v. Aspex Eyewear Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009), *see also Nike, Inc. v. Already, LLC*, 663 F.3d 89, 95-98 (2nd Cir. 2011); *Technology Licensing Corp. v. Technicolor USA*, 800 F.Supp.2d 1116, 1121 (E.D. Cal. 2011); *Paramount Pictures Corp. v. REPLAY TV*, 298 F.Supp.2d 921, 924-27 (C.D. Cal. 2004); *cf. Gator.com Corp. v. LL Bean, Inc.*, 398 F.3d 1125, 1130-31 (9th Cir. 2005).

### III. ARGUMENT

In its order denying Defendant's motion to dismiss, the Court rejected Defendant's "protestations in its motion that it is not seeking to hold Wong liable in the 5630 Action." (ECF No. 22 at 7.) The Court reasoned: 1) Defendant's statements were "all couched in qualifying 'not now' and 'not likely' language"; 2) that Defendant had not "withdrawn[] its argument that Wong would be vicariously liable even if the downloading had taken place without her knowledge on her internet connection"; and 3) Defendant "has not pointed to any written agreement not to seek to hold Wong liable for infringement." (*Id.*) For these reasons the Court rejected Defendant's arguments regarding the absence of a case or controversy. (*Id.*)

Now, as described, Defendant has voluntarily gone one step further in addressing Plaintiff's liability with respect to the 5630 Action: Defendant has issued Plaintiff a comprehensive covenant not to sue. (*See* Exhibit A, Covenant Not to Sue) This covenant prevents Defendant from naming Plaintiff as a defendant in the 5630 Action or suing Plaintiff in any other action for direct or secondary infringement liability in regards to the claims in the 5630 action. (*Id.*) Consequently, Plaintiff cannot now plausibly describe any real or reasonable apprehension that she may be subject to liability with respect to Defendant's claims in the 5630 action. *Rhoades*, 504 F.3d at 1157.

The sole cause of action in Plaintiff's amended complaint is for a declaration of non-infringement.[1] (*See* ECF No. 4.) By covenanting not to sue Plaintiff for infringement, Defendant

---

[1] Plaintiff named 50 Doe Defendants in her complaint. The Court should also dismiss Plaintiff's complaint against those Doe Defendants because Plaintiff failed to make a *single* allegation of wrongdoing against those Doe Defendants in her complaint. In fact, Plaintiff's attorney admitted, at the previous Case Management

"wholly eviscerate[s] the dispute that prompted [Plaintiff] to initiate this suit. [Plaintiff's] request for declaratory relief no longer gives rise to a live case or controversy." *Gator.com Corp.*, 398 F.3d at 1131. *See also Nike, Inc.*, 663 F.3d at 89; *Revolution Eyewear, Inc.* 556 F.3d at 1297; *Technology Licensing Corp*, 800 F.Supp.2d at 1121; *Paramount Pictures Corp.*, 298 F.Supp.2d at 924-27. To the extent that Plaintiff seeks declaratory relief with respect to affirmative defenses that might be raised in a suit for infringement, these requests must also be dismissed for lack of jurisdiction because a declaratory judgment cannot lie as to the validity of affirmative defenses that may or may not be raised in the future. *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998). Because the Court has been divested of subject matter jurisdiction over Plaintiff's request for a declaration of non-infringement, the Court has also been divested of subject matter jurisdiction over any related putative affirmative defenses. In the alternative, if the Court declines to dismiss Plaintiff's affirmative defense declaratory claims, it must at a minimum dismiss Plaintiff's claim for non-infringement.

## CONCLUSION

The Court should dismiss with prejudice Plaintiff's suit for lack of subject-matter jurisdiction because any real or reasonable apprehension of liability by Plaintiff with respect to the claims in the 5630 action have been permanently extinguished by Defendant Hard Drive Production, Inc.'s issuance to Plaintiff of a covenant not to sue.

Respectfully Submitted,

PRENDA LAW INC.

**DATED: April 30, 2012**

By:     /s/ Brett L. Gibbs
Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law, Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

---

Conference on April 16, 2012, that no further individuals would be named. Although Defendant Hard Drive Productions, Inc. may not have standing to raises defenses on behalf of the Doe Defendants, this Court retains the power to *sua sponte* dismiss an action at any time when subject matter jurisdiction is lacking, as it plainly is here.

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served via the Court's CM/ECF system on April 30, 2012 on all counsel or parties of record who are deemed to have consented to electronic service.

                                             /s/ Brett L. Gibbs, Esq.
                                              Brett L. Gibbs, Esq.