Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Defendant*

# IN THE UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| LIUXIA WONG,<br><br>         Plaintiff,<br>v.<br><br>HARD DRIVE PRODUCTIONS, INC., AND DOES 1-50,<br><br>         Defendants. | Case No. 5:12-cv-00469-HRL<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMEMNDED COMPLAINT** |

## **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

### I. **INTRODUCTION**

1.      This is a civil action seeking declaratory relief based upon the continuing improper conduct of defendants Hard Drive Productions, Inc.  (hereafter ―Hard Drive)  and Does  1-50 in harassing plaintiff and others like her to settle claims of purported infringement of  Hard  Drive's purported copyrighted works.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

### II. **PARTIES**

2.      Plaintiff Liuxia Wong is an individual over the age of 18 residing in the County of Solano, California.

**ANSWER:** Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

3.      Plaintiff is informed and believes, and thereon alleges that Hard Drive is an Arizona Corporation whose principal place of residence is in Maricopa County, and which does business worldwide including in the State of California, Counties of San Francisco and Solano.

**ANSWER:** Defendant admits that it is a corporation organized and existing under the laws of the State of Arizona, with a principal place of business in Phoenix Arizona. Defendant admits that its products are available for purchase over the Internet, including in the State of California and the counties referenced in Paragraph 3 of Plaintiff's Amended Complaint. Defendant denies that it conducts business in the State of California, as that term is defined in the California statutes.

4.      The true names and capacities of defendants named as Does 1 through 50 are presently unknown to plaintiff.

**ANSWER:** Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint, and therefore denies the same.

5.      Plaintiff will amend this complaint setting forth the true names and capacities of these fictitious defendants when they are ascertained.

**ANSWER:** Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint, and therefore denies the same.

6.      Plaintiff is informed and believes, and thereon alleges that each of the fictitious defendants have participated in the acts alleged in this complaint to have been done by the named defendant.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT      Case No. 12-cv-469

**ANSWER:** Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint, and therefore denies the same.

7.     Plaintiff is informed and believes, and thereon alleges that, at all relevant times, each defendant, whether named or fictitious, was the alter ego, agent, and/or employee of each of the other defendant, and in doing the things alleged to have been done in the complaint, acted within the scope of such agency and/or employment, and/or ratified the acts of the other.

**ANSWER:** Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint, and therefore denies the same.

### III. <u>JURISDICTION</u>

8.     This action arises under the copyright laws of the United States, 17 U.S.C. sections 101 et seq.

**ANSWER:**  Defendant contends that the allegations of this paragraph constitute a legal conclusion, to which no answer is required. To the extent that an answer is required, Defendant denies the allegations in this paragraph.

9.     The court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. sections 1331 and 1338, and the Declaratory Judgment Act codified at 28 U.S.C. sections 2201 and 2202.

**ANSWER:** Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint in light of its recent submission of a covenant not to sue Plaintiff.

10.     This court has personal jurisdiction over Hard Drive because it has submitted itself to the jurisdiction of this court by filing an action on November 28, 2011, case number 4:11-cv-05630-RS, and which is related to this action.

**ANSWER:** Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

11.     Due to Hard Drive's filing of prior action number 3:11-cv-01957-JCS and its present action number 4:11-cv-05630-RS, and its conduct, it has created an actual and continuing controversy within the court's jurisdiction such that the court needs to declare the rights and other legal relations of plaintiff who is seeking such declarations from the court.

**ANSWER:** Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

## IV. <u>VENUE</u>

12.     Venue is proper in the Eastern District of California pursuant to 28 U.S.C. section 1400(a) as Hard Drive has claimed that plaintiff infringed its purported copyrighted  work  by downloading such works where she resides.

**ANSWER:** Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

13.     Venue is also proper in the Northern District of California as Hard Drive has consented to the venue of this court by filing action number 4:11-cv-05630-RS in this district and by its conduct which has created an actual and continuing controversy such that the court needs to declare the rights     and other legal relations of plaintiff who is seeking such declarations from the court, and which is related to this action.

**ANSWER:** Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

## V. <u>INTRADISTRICT ASSIGNMENT</u>

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT          Case No. 12-cv-469

14.     Assignment of this action to the San Francisco Division is proper as Hard Drive's present action number of 4:11-cv-05630-RS is assigned to the Honorable Richard Seeborg in the San Francisco Division.

**ANSWER:** Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15.     Assignment of this action to the San Francisco Division is also proper as Hard Drive's prior filed action number of 3:11-cv-01957-JCS was assigned to the Honorable Joseph C. Spero in the San Francisco Division.

**ANSWER:** Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16.     This action and action number 4:11-cv-05630-RS should be assigned to the Honorable Joseph C. Spero in the San Francisco Division per the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California (hereafter ‒Civil L.R.‖) 3-3(c) and 3-12.

**ANSWER:** Defendant admits that this Court related this case and the case captioned 4:11-cv-05630-RS and denies any remaining allegations.

## VI.     FACTUAL ALLEGATIONS

### A.     Hard Drive's Prior Lawsuit

17.     On April 22, 2011, Hard Drive filed a complaint for copyright infringement which was assigned case number 3:11-cv-01957-JCS (hereafter ‒prior action).

**ANSWER:** Defendant admits the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18.     Based on Hard Drive's consent to proceed before a U.S. Magistrate Judge, the prior action was assigned to the Honorable Joseph C. Spero.

**ANSWER:** Defendant admits that it executed a consent to proceed before a U.S. Magistrate Judge, and that the matter subsequently proceeded before Magistrate Judge Spero. Defendant lacks information sufficient to admit or deny exactly what the assignment to Magistrate Judge Spero was "based on," and therefore denies those allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

19.     In this prior action, Hard Drive failed to comply with Civil L.R. 3-16(b)(1) by failing to disclose − any persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties themselves known by the party to have either: (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**ANSWER:** Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.

20.     Instead on April 22, 2011, Hard Drive violated Civil L.R. 3.16(b) by purposefully limiting and qualifying its disclosure to only state that Hard Drive does not have a parent corporation that owns 10% or more of its stock, and that there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities that may have a personal or affiliated financial interest in the subject matter or controversy.

**ANSWER:** Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

21.     Plaintiff is informed and believes, and thereon alleges that Hard Drive reported in its 2011 annual report received on or about January 28, 2011 by the Arizona Secretary of State

that Paul Pilcher owns more than 20% of any class of shares issued by Hard Drive, or having more than a 20% beneficial interest in Hard Drive, information which is publicly available electronically from the Arizona Secretary of State at http://starpas.azcc.gov/scripts/cgiip.exe/WService=wsbroker1/names-detail.p?name-id=11235797&type=CORPORATION.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same.  Defendant denies that Plaintiff has fully and accurately characterized the contents of the records of the Arizona Secretary of State, and therefore denies the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint regarding the same.

22.    In this prior action, Hard Drive sued 48 anonymous doe defendants by improperly joining them in one action without taking into account the requirements of 28 U.S.C. section 1400(a) which provides that a defendant in a copyright infringement action may only be sued in the district where the defendant or his or her agent resides or may be found.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23.    Plaintiff is informed and believes, and thereon alleges that Hard Drive improperly joined multiple defendants in one action to avoid paying the $350 filing fee for each action had Hard Drive properly filed separate actions for each defendant.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same.  Defendant denies the remaining allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT      Case No. 12-cv-469

24.     Plaintiff is informed and believes, and thereon alleges that Hard Drive improperly joined multiple defendants in one action to avoid having any cases dismissed due to failure to prosecute by failing to pay the $350 filing fee for each separate defendant.

**ANSWER:** Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25.     Hard Drive is improperly receiving the benefits and services of the court without paying the requisite filing fee of $350 for each separate action against each defendant.

**ANSWER:** Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26.     Hard Drive alleged copyright infringement associated with plaintiff's Internet Protocol (IP) Address occurred on March 28, 2011 which is more than three months after the work was first published on March 3, 2010, and which is before the work's registration date of April 22, 2011.

**ANSWER:** Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint completely or accurately summarizes the contents of the complaint in Case No. 11-cv-1957, and therefore denies the same.

27.     In this prior action, Hard Drive alleged that it owned the purported copyright to an adult video entitled –Amateur Allure Jen‖ (hereafter –work‖) which is purportedly registered with the United States Copyright Office.

**ANSWER:** Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint completely or accurately summarizes the contents of the complaint in Case No. 11-cv-1957, and therefore denies the same.

28.     Plaintiff is informed and believes, and thereon alleges that Hard Drive represented to the U.S. Copyright Office that the work was first published on March 3, 2010.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same.

29.     Plaintiff is informed and believes, and thereon alleges that the work was registered on April 22, 2011.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same.

30.     In this prior action, Hard Drive alleged that it was entitled to recover statutory damages and attorneys' fees per 17 U.S.C. section 504(c) as stated in its complaint at paragraph 31, and in its prayer for relief at paragraph 4.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint completely or accurately summarizes the contents of the complaint in Case No. 11-cv-1957, and therefore denies the same.

31.     A party is not entitled to recover statutory damages and attorneys' fees under 17 U.S.C. section 504(c) if the alleged infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work per 17 U.S.C. section 412.

**ANSWER:**  Paragraph 31 states legal conclusions which Defendant is not required to admit or deny, and Defendant therefore denies the same.

32.     Hard Drive is not entitled to recover statutory damages and attorneys' fees.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33.     After filing its prior action, Hard Drive then applied ex parte for expedited discovery seeking the names, addresses, and telephone numbers of the account holders whose IP addresses resolved to them.

**ANSWER:**  Defendant admits that it filed an ex parte application for leave to take discovery prior to the Rule 26(f) conference in the "prior action."

34.     Plaintiff is informed and believes, and thereon alleges that Hard Drive had entered into an agreement with a third party private investigator, who is unlicensed under California law, to log IP addresses that were allegedly transmitting Hard Drive's work via Bittorrent.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same.   Defendant denies the remaining allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

35.     A Bittorrent tracker is a computer server.

**ANSWER:**   Defendant denies that a Bittorrent tracker is a computer server, as the term is commonly defined.

36.     A Bittorrent tracker is required to initiate any download of the work.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint.

37.     Plaintiff is informed and believes, and thereon alleges that Hard Drive gave the right to distribute the work to its unlicensed private investigator, otherwise it would not have been able to log the IP addresses.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint.

38.     Plaintiff is informed and believes, and thereon alleges that Hard Drive knew of the IP addresses of the Bittorrent trackers that were being used distribute the work.

**ANSWER:**  Defendant lacks denies the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

39.     Plaintiff is informed and believes, and thereon alleges that Hard Drive never issued any Digital Millennium Copyright Act (D.M.C.A.) takedown notices to the owners and/or operators of the Bittorrent trackers that were being used distribute the work.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.

40.     Plaintiff is informed and believes, and thereon alleges that Hard Drive never issued any D.M.C.A. takedown notices to the owners and/or operators of the Bittorrent trackers, because it and/or its agents were using them as honeypots so that they could continue to log IP address.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint.  Furthering answering, Defendant specifically denies that it and/or its agents used "honeypots."

41.     Plaintiff is informed and believes, and thereon alleges that Hard Drive knew it could make more money by allowing its work to continue to be distributed instead of shutting down the Bittorrent trackers.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint. Defendant affirmatively alleges that Plaintiff has no factual basis for asserting its allegations.

42.     Contrary to Hard Drive's allegation that venue under 28 U.S.C. section 1391(b) governs copyright infringement actions, it does not; only section 1400(a) governs venue

in  copyright infringement actions per the Supreme Court's holding in <u>Schnell v. Peter Eckrich &</u> <u>Sons, Inc.</u> (1961) 365 U.S. 260, 262-263.

**ANSWER:**   Defendnat denies that Plaintiff's allegations contained in Paragraph 42 of Plaintiff's Amended Complaint completely or accurately summarizes the contents of its pleadings, and therefore denies the same.  The remainder of Paragraph 42 contains legal conclusions which Defendant is not required to admit or deny, and Defendant therefore denies the same.

43.    The <u>Schnell</u> court's analysis of venue in section 1400(b) for patent infringement actions should likewise be applied for venue in copyright infringement actions under section 1400(a).

**ANSWER:**  Paragraph 43 contains legal conclusions which Defendant is not required to admit or deny, and Defendant therefore denies the same.

44.    Plaintiff did not move to quash Hard Drive's subpoena issued to her internet service provider.

**ANSWER:**  Defendant is unaware of a motion to quash on the part of Plaintiff for a subpoena that Hard Drive issued.

45.    Plaintiff's internet service provider released her name, address, and telephone number to Hard Drive.

**ANSWER:**  Defendant admits that, pursuant to a Court order and a duly-issued and served subpoena, an internet service provider submitted Plaintiff's name and contact information to Defendant.

46.     After receipt of plaintiff's name, address, and telephone number, Hard Drive transmitted a letter demanding that she settle the prior action for $3,400.   A true and correct copy of this letter is attached hereto as Exhibit A.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Amended Complaint completely or accurately summarizes the contents of the document referenced therein, and therefore denies the same.

47.     In Hard Drive's settlement demand letter, it notified plaintiff that it was prepared to commence a lawsuit against her if its settlement efforts failed.

**ANSWER:**  Defendant denies that the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint completely or accurately summarize the contents of the document referenced therein, and therefore denies the same.

48.     In Hard Drive's settlement demand letter, it notified plaintiff to act promptly by settling to avoid being named as a defendant in the lawsuit.

**ANSWER:**  Defendant denies that the allegations contained in Paragraph 48 of Plaintiff's Amended Complaint completely or accurately summarize the contents of the document referenced therein, and therefore denies the same.

49.     In Hard Drive's settlement demand letter, it notified plaintiff that she was liable for copyright infringement by merely having an unsecured wireless network/router even though plaintiff did not download the work, did not tell anyone else to download the work, and did not know anyone was using her internet service to download the work.

**ANSWER:**  Defendant denies that the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint completely or accurately summarize the contents of the document referenced therein, and therefore denies the same.

13

50.     In Hard Drive's settlement demand letter, it notified plaintiff that she may be liable for statutory damages of up to $150,000.

**ANSWER:**  Defendant denies that the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint completely or accurately summarize the contents of the document referenced therein, and therefore denies the same.

51.     Plaintiff is informed and believes, and thereon alleges that Hard Drive's prior action complaint coupled with the settlement demand letter was designed to intimidate and to coerce plaintiff into paying the settlement demand of $3,400, especially when confronted with the statutory damages figure of $150,000, and when she was not represented by counsel.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 51 of Plaintiff's Amended Complaint.

52.     Plaintiff is informed and believes, and thereon alleges that Hard Drive's prior action complaint coupled with the settlement demand letter was designed to intimidate and to coerce plaintiff into paying the settlement demand of $3,400 as it would be more expensive for her to retain an attorney to defend her against all allegations.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 52 of Plaintiff's Amended Complaint.

53.     Plaintiff is informed and believes, and thereon alleges that no facts existed for Hard Drive to represent, either in its prior action complaint or in its settlement demand letter, to plaintiff that Hard Drive was entitled to recover any statutory damages award given that the alleged infringement occurred on March 28, 2011 which is more than three months after the

14

work was first published on March 3, 2010, and which is before the work's registration date of April 22, 2011.

**ANSWER:** Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 53 of Plaintiff's Amended Complaint.

54. Plaintiff is informed and believes, and thereonalleges that Hard Drive's communications transmitted to plaintiff were designed to intimidate and to coerce her into settling the case despite the absence of any facts supporting liability against her.

**ANSWER:** Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 54 of Plaintiff's Amended Complaint.

55. Plaintiff is informed and believes, and thereon alleges that Hard Drive, its agents and/or its employees also contacted her telephonically in order to extract a settlement from her based on their acts of coercion and intimidation.

**ANSWER:** Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 55 of Plaintiff's Amended Complaint.

56. Hard Drive subsequently obtained a continuance of the case management conference in the prior action.

**ANSWER:** Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint because it fails to allege to what was "subsequent." Defendant admits that it filed a motion to continue the case management conference in the "prior action" on June 28, 2011

57.     On or before September 27, 2011, plaintiff notified Hard Drive that she denied all liability alleged in the prior action's complaint.

**ANSWER:**   Defendant denies that the allegations contained in Paragraph 57 of Plaintiff's Amended Complaint completely or accurately summarizes the contents of the communication referenced therein, and therefore denies the same.

58.     In response to plaintiff's notification described in paragraph 57, Hard Drive notified plaintiff that they would name and serve her with a lawsuit.

**ANSWER:**   Defendant denies that the allegations contained in Paragraph 58 of Plaintiff's Amended Complaint completely or accurately summarizes the contents of the communications referenced therein, and therefore denies the same.

59.     On September 27, 2011, Hard Drive subsequently dismissed its prior action without prejudice.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Amended Complaint because it fails to allege to what the dismissal was "subsequent." Defendant admits that it filed a motion to voluntarily dismiss the 'prior action" on or about September 27, 2011.

60.     Plaintiff is informed and believes that Hard Drive dismissed its prior action as it could not, and did not want to address the issues and questions that the court had with the prior action, and that it also did not want to be sanctioned for failing to prosecute the case, and for misjoining all anonymous doe defendants.

**ANSWER:** Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Amended Complaint.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT          Case No. 12-cv-469

61.     On or about October 10, 2011, Plaintiff notified Hard Drive that she denied all liability alleged in the prior action's complaint.

**ANSWER:** Defendant denies that the allegations contained in Paragraph 61 of Plaintiff's Amended Complaint completely or accurately summarizes the contents of the communication referenced therein, and therefore denies the same.

62.     On or about October 10, 2011, plaintiff notified Hard Drive that if it dismissed plaintiff with prejudice, she would agree that each party would bear their own costs and attorneys' fees.  Hard Drive did not accept this offer.

**ANSWER:**  Defendant denies that the allegations contained in Paragraph 62 of Plaintiff's Amended Complaint completely or accurately summarizes the contents of the communications referenced therein, and therefore denies the same.

## B.  Hard Drive's Present Lawsuit

63.     On November 21, 2011, Hard Drive filed a complaint for copyright infringement against a single John Doe defendant which was initially assigned case number 4:11-cv-05630-YGR (hereafter "present action"), and which was subsequently reassigned to the Honorable Richard Seeborg on November 30, 2011.

**ANSWER:**  Defendant admits the allegations contained in Paragraph 63 of Plaintiff's Amended Complaint.

64.     Despite the fact that Hard Drive knew that the present action was related the dismissed prior action, Hard Drive failed to comply with Civil L.R. 3-3(c) which requires the refiling party to file a motion to consider whether cases should be related pursuant to Civil L.R. 3-12 so that the judge originally assigned to the action which had been dismissed should have the

refiled case transferred to him or to her to avoid the unduly burdensome duplication of labor and expense.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint.

65.     Plaintiff is informed and believes, and thereon alleges that Hard Drive purposefully failed to comply with Civil L.R. 3-3(c), because the previously assigned judge, the  Honorable Joseph C. Spero, had made certain rulings adverse to Hard Drive and to Hard Drive's counsel in other improperly joined copyright infringement cases.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint.

66.     Hard Drive further misrepresented to the court that plaintiff resided in this district although at all relevant times, it knew that plaintiff resided in the City of Fairfield, County of Solano which falls under the venue of the Eastern District of California.  See attached Exhibit A.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint.

67.     In the present action, Hard Drive alleged that it was entitled to recover statutory damages and attorneys' fees per 17 U.S.C. section 504(c) as stated in its complaint at paragraph 31, and in its prayer for relief at paragraph 2.

**ANSWER:**  Defendant denies that the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint completely or accurately summarizes the contents of the documents referenced therein, and therefore denies the same.

68.     Again, Hard Drive was not entitled to recover statutory damages and attorneys' fees, because Hard Drive claimed that the alleged infringement occurred on March 28, 2011 which

is more than three months after the work was first published on March 3, 2010, and which is before the work's registration date of April 22, 2011.

**ANSWER:** Paragraph 68 of Plaintiff's Amended Complaint contains legal conclusions which Defendant is not required to admit or deny, and Defendant therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 68 of Plaintiff's Amended Complaint.

69.     Plaintiff is informed and believes, and thereon alleges that Hard Drive's present action complaint coupled with the settlement demand letter was designed to intimidate and to coerce plaintiff into paying the settlement demand of $3,400 especially when confronted with a statutory damages figure of $150,000.

**ANSWER:** Defendant lacks information sufficient to admit or deny the contents of Plaintiff's subjective information and beliefs, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 69 of Plaintiff's Amended Complaint.

70.     On January 9, 2012, Hard Drive applied ex parte to take the deposition of plaintiff who was not named as a defendant in Hard Drive's present action.

**ANSWER:** Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Amended Complaint to the extent they call for a legal conclusion.

71.     Plaintiff is informed and believes, and thereon alleges that despite Hard Drive's erroneous position that plaintiff is vicariously liable for any acts or conduct occurring through her internet account, it purposely avoided naming plaintiff for the purposes of obtaining ex parte discovery in the present action on an expedited basis, and to cause plaintiff to incur attorneys' fees in defending herself at deposition to force her to settle.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT     Case No. 12-cv-469

**ANSWER:** Defendant denies the allegations contained in Paragraph 71 of Plaintiff's Amended Complaint.

72.     Hard Drive's tactics were improper as plaintiff had offered it at all relevant times that she was prepared to execute a declaration under penalty of perjury that:   (1) she did not download the movie, and (2) she did not tell anyone else to download the movie for her, and (3) she did not know anyone else was using her computer or network equipment to download the movie.

**ANSWER:** Defendant denies the allegations contained in Paragraph 72 of Plaintiff's Amended Complaint.

73.     Hard Drive rejected plaintiff's offered declaration as stated in paragraph 72.

**ANSWER:**   Defendant denies that the allegations contained in Paragraph 73 of Plaintiff's Amended Complaint completely or accurately summarizes the contents of the communications referenced therein, and therefore denies the same.

74.     Hard Drive then improperly demanded $3,000 from plaintiff in exchange for not proceeding with her deposition despite plaintiff's offer of a declaration as stated in paragraph 72.  A true and correct copy of this settlement demand is attached hereto as Exhibit D.

**ANSWER:** Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Amended Complaint.

75.     Plaintiff then offered to execute a declaration under penalty of perjury that: (1) she does not know who downloaded the movie, and (2) that her internet service provider set up her wi-fi equipment.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT        Case No. 12-cv-469

**ANSWER:** Defendant denies that the allegations contained in Paragraph 75 of Plaintiff's Amended Complaint completely or accurately summarizes the contents of the communications referenced therein, and therefore denies the same.

76.     Hard Drive again rejected plaintiff's offered declaration, as stated in paragraph 75.

**ANSWER:** Defendant denies that the allegations contained in Paragraph 75 of Plaintiff's Amended Complaint completely or accurately summarizes the contents of the communications referenced therein, and therefore denies the same.

77.     At all relevant times, Hard Drive notified plaintiff that it would proceed with her deposition unless she offered $3,000 in settlement.

**ANSWER:** Defendant denies that the allegations contained in Paragraph 75 of Plaintiff's Amended Complaint completely or accurately summarizes the contents of the communications referenced therein, and therefore denies the same.

78.     Plaintiff is informed and believes, and thereon alleges that Hard Drive knew that plaintiff would incur substantial costs and attorneys' fees if her deposition were to proceed, and used this information to extract a settlement from plaintiff.

**ANSWER:** Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 78 of Plaintiff's Amended Complaint.

79.     Plaintiff is informed and believes, and thereon alleges that the acts and conduct of Hard Drive and its agents or employees as described herein was unlawful and/or improper.

**ANSWER:** Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 79 of Plaintiff's Amended Complaint.

21

## C.  Hard Drive's Work is Not Copyrightable

80.      Article I, Section 8, Clause 8 of the United States Constitution, known as the Copyright Clause, empowers the United States Congress: ‒To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries.

**ANSWER:**  Defendant denies that the allegations contained in Paragraph 80 of Plaintiff's Amended Complaint completely or accurately summarizes the contents of United States Constitution Clause referenced therein, and therefore denies the same.

81.      Thus, copyright is authorized only for works which promote the progress of science and the useful arts.

**ANSWER:**  Paragraph 81 of Plaintiff's Amended Complaint contains legal conclusions which Defendant is not required to admit or deny, and Defendant therefore denies the same. Defendant denies that the allegations contained in Paragraph 81 of Plaintiff's Amended Complaint completely or accurately describes United States copyright jurisprudence.

82.      Horizontal Stare Decisis or Circuit law binds all courts within a particular circuit including the court of appeals itself.  (Hart v. Massanari (9th Cir. 2001) 266 F.3d 1155, 1171‒‒[T]he first panel to consider an issue sets the law not only for all the inferior courts in the circuit, but also future panels of the court of appeals….  Once a panel resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court or ‒unless Congress changes the law.)

**ANSWER:**  Paragraph 82 of Plaintiff's Amended Complaint contains legal conclusions which Defendant is not require to admit or deny, and Defendant therefore denies the same.

83. Early Circuit law in California held that obscene works did not promote the progress of science and the useful arts, and thus cannot be protected by copyright.

**ANSWER:** Paragraph 83 of Plaintiff's Amended Complaint contains legal conclusions which Defendant is not required to admit or deny, and Defendant therefore denies the same.

84. Subsequent non-en banc decisions by the Ninth Circuit failed to follow this prior circuit decision in California.

**ANSWER:** Paragraph 84 of Plaintiff's Amended Complaint contains legal conclusions which Defendant is not required to admit or deny, and Defendant therefore denies the same.

85. Given the absence of any subsequent en-banc Ninth Circuit decisions, Supreme Court precedent, or changes in the Constitution that copyright is authorized for works which does not promote the progress of science and the useful arts, the subsequent Ninth Circuit decisions are void and do not constitute binding precedent.

**ANSWER:** Paragraph 85 of Plaintiff's Amended Complaint contains legal conclusions which Defendant is not require to admit or deny, and Defendant therefore denies the same.

86. Hard Drive's work does not promote the progress of science.

**ANSWER:** Paragraph 86 of Plaintiff's Amended Complaint contains legal conclusions which Defendant is not required to admit or deny, and Defendant therefore denies the same.

87. Hard Drive's work does not promote the useful arts.

**ANSWER:** Defendant denies the allegations contained in Paragraph 86 of Plaintiff's Amended Complaint.

88. Hard Drive has judicially admitted that its work is adult pornography.

**ANSWER:** Defendant denies the allegations contained in Paragraph 88 of Plaintiff's Amended Complaint.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT     Case No. 12-cv-469

89.      Hard Drive's work depicts obscene material.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 89 of Plaintiff's Amended Complaint.

90.      Plaintiff is informed and believes, and thereon alleges that to create the work, Hard Drive and its agents and/or its employees violated laws which prohibited pimping, pandering, solicitation and prostitution, including any claims of conspiracy.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 90 of Plaintiff's Amended Complaint.

91.      Hard Drive's work depicts criminal acts and/or conduct.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 91 of Plaintiff's Amended Complaint.

92.      Hard Drive's work is not copyrightable.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 92 of Plaintiff's Amended Complaint.

### VII.FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF AND/OR JUDGMENT THAT PLAINTIFF IS NOT LIABLE TO HARD DRIVE FOR COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS

93.      Plaintiff realleges and incorporates by reference as though fully stated here, paragraphs 1 to 92.

**ANSWER:**   Defendant re-alleges and incorporates by reference its answers to each of Paragraphs 1 through 92 as though fully set forth herein.

94.     Although Hard Drive in its public present action denies that it does not know if plaintiff is liable to it for copyright infringement, in nonpublic communications, Hard Drive's position  is completely the opposite—that plaintiff is liable to Hard Drive.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 94 of Plaintiff's Amended Complaint.

95.     On July 13, 2011, Hard Drive, through its counsel transmitted a letter to plaintiff which is attached hereto as Exhibit A.

**ANSWER:**  Defendant admits its counsel transmitted a July 13, 2011 letter addressed to Plaintiff.

96.     In its letter, Hard Drive demanded $3,400 from plaintiff to avoid being named as a defendant in Hard Drive's prior lawsuit for copyright infringement.  (Exhibit A at p.3.)

**ANSWER:**  Defendant denies that the allegations contained in Paragraph 96 of Plaintiff's Amended Complaint completely or accurately summarizes the contents of the communications referenced therein, and therefore denies the same.

97.     Plaintiff is informed and believes, and thereon alleges that along with the settlement demand letters Hard Drive and/or its counsel have transmitted, they also included a "memorandum of law authored by its then counsel John Steele of Steele | Hansmeier, PLLC whose firm name has since changed to Prenda Law Inc.  A true and correct copy of the "memorandum of law is attached hereto as Exhibit B and a true and correct copy of the metadata for the "memorandum of law is attached hereto as Exhibit C.

**ANSWER:** Defendant denies that the allegations contained in Paragraph 97 of Plaintiff's Amended Complaint completely or accurately summarizes the contents of the communications

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT        Case No. 12-cv-469

referenced therein, and therefore denies the same.  Defendant denies the remaining allegations contained in Paragraph 97.

98.     In Hard Drive's counsel's –memorandum of law, it is their ultimate position that the account holder is liable for copyright infringement committed by any person who uses the account holder's internet access.

**ANSWER:**  Defendant denies that the allegations contained in Paragraph 97 of Plaintiff's Amended Complaint completely or accurately summarizes the contents of the communications referenced therein, and therefore denies the same.

99.     On January 18, 2012, Hard Drive improperly demanded a settlement of $3,000 in exchange for dismissing the present case against the John Doe defendant to avoid plaintiff having her deposition taken.  See Exhibit D.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 99 of Plaintiff's Amended Complaint.

100.    Hard Drive's present action, in which it allegedly denies that it does not know who infringed its work is false and mere pretext given its nonpublic actions and conduct as alleged herein.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 100 of Plaintiff's Amended Complaint.

101.    Plaintiff is informed and believes, and thereon alleges that Hard Drive is purposefully avoiding naming plaintiff so that it can improperly conduct expedited ex parte discovery upon plaintiff.

**ANSWER:** Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 101 of Plaintiff's Amended Complaint.

102. Plaintiff is informed and believes, and thereon alleges that Hard Drive is purposefully conducting expedited ex parte discovery upon plaintiff in order to intimidate and to coerce plaintiff into settling with Hard Drive.

**ANSWER:** Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 102 of Plaintiff's Amended Complaint.

103. As alleged in Hard Drive's present action, and based upon its actions and conduct as described herein, plaintiff denies that she is liable to Hard Drive for copyright infringement.

**ANSWER:** Defendant admits that Plaintiff has denied infringing Defendant's copyright. Defendant incorporates its answers to allegations as to unidentified "actions and conduct as described herein" as though fully set forth in this answer.

104. Based on all the information stated herein, an actual and continuing controversy exists between plaintiff and Hard Drive such that plaintiff needs the court to declare the rights between the parties.

**ANSWER:** Defendant denies the allegations contained in Paragraph 104 of Plaintiff's Amended Complaint.

105. Wherefore, plaintiff prays for the following relief.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief whatsoever in connection with this matter.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT        Case No. 12-cv-469

WHEREFORE, Defendant respectfully requests that this Court enter judgment in Defendant's favor, and against Plaintiff, for each and every Count and claim for relief set forth in Plaintiff's Amended Complaint.

Prenda Law, Inc.

**DATED:  April 30, 2012**

By:     /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT     Case No. 12-cv-469

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

HARD DRIVE PRODUCTIONS, INC.,

      Defendant/Counterplaintiff,

v.

LIUXIA WONG,

          Plaintiff/Counterdefendant.

Case No. 5:12-cv-00469-HRL

**DEFENDANT'S/COUNTERPLAINTIFF'S COUNTERCOMPLAINT**

      Defendant/CounterPlaintiff Hard Drive Productions, Inc. ("Hard Drive"), through its undersigned counsel, hereby files this Counterclaim requesting injunctive relief against Plaintiff/CounterDefendant Liuxia Wong ("Wong"), and alleges as follows:

## NATURE OF THE CASE

      1.     Wong initiated this action with a one-count complaint for declaratory relief relating to copyright infringement under the United States Copyright Act.   In a previously filed action, Hard Drive had sought relief against an anonymous copyright infringer associated with Internet Protocol ("IP") address 76.126.48.155. In the course of expedited discovery, Hard Drive ascertained that the identity of the account holder associated with the IP address to be Wong. Because the relationship between an account holder and infringer can be imperfect, Hard Drive in another case sought to depose Wong in order to investigate the infringer's identity and, if necessary, to prosecute the infringer for his blatant violation of Hard Drive's copyright.

2.    Hard Drive files this Countercomplaint asking the Court to grant it declaratory and other relief in its favor holding that (i) its works are properly copyrightable and subject to protection under the United States' copyright laws; and (ii) it does not, and never has, operated a "honeypot" as Wong has alleged in her Amended Complaint.

## THE PARTIES

3.    Defendant/Counterplaintiff Hard Drive Productions, Inc. is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business located in Phoenix, Arizona. Hard Drive is the exclusive holder of the relevant rights with respect to the copyrighted creative work at issue in this Complaint.

4.    Hard Drive is a producer of adult entertainment content.  Hard Drive invests significant capital in producing the content associated with its brand and has produced substantial numbers of videos and photographs. The copyrighted work at issue here is one of these adult videos, "Amateur Allure – Jen" (the "Video").

5.    Plaintiff/Counterplaintiff Liuxia Wong Plaintiff Liuxia Wong is, upon informaitn and belief, an individual over the age of 18 residing in the County of Solano, California.

6.    Wong is known to Plaintiff through an Internet Protocol address ("IP address"), which is a number assigned to devices, such as computers, connected to the Internet. In the course of monitoring Internet-based infringement of its copyrighted content, Plaintiff's agents observed unlawful reproduction and distribution occurring over IP address 76.126.48.155 via the Bit Torrent file transfer protocol. Plaintiff cannot ascertain Defendant's actual identity without limited expedited discovery.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction pursuant to the U.S. Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has supplemental jurisdiction over the civil

30

conspiracy claim under 28 U.S.C. § 1367(a) because it is so related to Wong's copyright claims, which is within this Court's original jurisdiction, that the two claims form part of the same case and controversy under Article III of the United States Constitution.

8.      This Court has personal jurisdiction because Wong filed the underlying action in this Court and the case is pending in this Court. Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Wong resides in this District, may be found in this District, or a substantial part of the events giving rise to the claims in this action occurred within this District.

## ALLEGATIONS COMMON TO ALL COUNTS

9.      At all times relevant hereto, Hard Drive was the exclusive rights holder with respect to BitTorrent-based reproduction and distribution of the Video.

10.     The Video was the subject of an application for registration, and is now registered as Copyright PA-1-732-491 by the United States Copyright Office.

11.      The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws.

12.     Hard Drive employs proprietary peer-to-peer network forensic software to perform exhaustive real time monitoring of the BitTorrent-based swarm involved in distributing the Video. This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct.

13.     Hard Drive observed the use of Wong's IP address, without Plaintiff's authorization or license, to intentionally downloaded a torrent file particular to Hard Drive's Video, purposefully loaded that torrent file into his BitTorrent client, entered a BitTorrent swarm particular to Hard Drive's Video, and reproduced and distributed the Video to numerous third parties.

31

## COUNT I: DECLARATORY JUDGMENT

### (Hard Drive's Works Are Copyrightable)

14.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth fully herein.

15.     In her Amended Complaint, Wong alleges that "Hard Drive's work is not copyrightable".  Compl. at ¶92.  In its Answer, Hard Drive

16. Hard Drive's work is not copyrightable.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 92 of Plaintiff's Amended Complaint.

17.     This Court has personal jurisdiction because Wong filed the underlying action in this Court and the case is pending in this Court. Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Wong resides in this District, may be found in this District, or a substantial part of the events giving rise to the claims in this action occurred within this District.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests Judgment and relief as follows:

1)     Judgment against Defendant that he has: a) willfully infringed Plaintiff's rights in federally registered copyrights pursuant to 17 U.S.C. § 501; and b) otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Complaint;

2)     Judgment in favor of the Plaintiff against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff, in an amount to be ascertained at trial;

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT        Case No. 12-cv-469

3)      Order of impoundment under 17 U.S.C. §§ 503 & 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendant's possession or under his control;

4)      On Count II, an order that Defendant is jointly and severally liable to Plaintiff in the full amount of the Judgment along the damages associated with the infringing activity of his co-conspirators on the basis of a common law claim for civil conspiracy to commit copyright infringement; for an award of compensatory damages in favor of the Plaintiff and against Defendants, jointly and severally, in an amount to be determined at trial;

5)      Judgment in favor of Plaintiff against the Defendant awarding the Plaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses), and other costs of this action; and

6)      Judgment in favor of the Plaintiff against Defendant, awarding Plaintiff declaratory and injunctive or other equitable relief as may be just and warranted under the circumstances.


Prenda Law, Inc.  .

**DATED:  April 30, 2012**

By:      /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT          Case No. 12-cv-469